GARDINER, Judge.
The petitioner, Mrs. Patricia S. Quina, filed this suit against the defendant, the Orleans Parish School Board, seeking her reinstatement in the position as a nurse instructor in the Orleans Parish Practical Nurse Program and endeavoring to recover back pay and allowances up to and including the date of her reinstatement as well as money damages in the sum of $12,500.00 together with legal interest from the date of judicial demand and attorney’s fees in the sum of $3,000. * The petitioner alleges that she was employed on October 4, 1965, by the Orleans Parish School Board as an instructor in its practical nursing program, after being avidly wooed by the Board through the coordinator of the practical nursing program, Mrs. Anna Goldman. She further asserts that at the time of her employment, the Board was aware that she was not a college graduate and had little or no experience as a nursing instructor in any formal nursing or practical nursing program, but it knew that she had been a licensed, professional nurse in the State of Louisiana since 1954, after her graduation from Charity Hospital of Louisiana in New Orleans where she has held responsible professional nursing positions, and she asserts that, therefore, the Board waived the requirement of her having a Bachelor of Science Degree in Nursing Education as a prerequisite for her employment. She further asserted that she was informed sometime during her employment that she should commence her college education in the nursing field but that the Board at no time set a time limit when the education should be commenced or completed nor was she informed of the specific number of college hours required by it within a definitive time. She explained that as she was not experienced in the teaching of nursing at the time of her employment by the Board and as she had graduated from nursing school approximately eleven years prior to her employment her new occupation demanded much time in reviewing and studying the courses she was to teach, preparing lesson plans for each specific daily lesson, preparing student examinations and grading same. Much of this work she performed after working hours without compensation, and during her working hours, she was required to give formal classroom lectures and supervise students in the performance of practical nursing duties.
The plaintiff asserts that on February 6, 1968, she was sent a letter by Alfred B. Hebeisen, the Director of Personnel of the *837 School Board, stating that since she had not complied with the Board’s requirements of obtaining 18 college credits within a reasonable period of time subsequent to her initial employment, he would recommend that her services he terminated by the Board on March 20, 1968. She points out that she was not terminated for any unsatisfactory conduct, inability, incompetence, or lack of technical acuity in performing the requirements of her position.
Mrs. Quina asserted that at the time of filing the petition she was enrolled at Tulane University taking six college hours and that she was taking another course at Jefferson Parish Trade School with three hours credit and that she could conceivably obtain the necessary hours within the time she would acquire tenure which was October 5, 1968, or that she would at least be working on the last required credits. She points out that the coordinator of the nursing program, who is in effect in charge of said program, does not have a college education, although she has attempted to obtain it for fourteen to fifteen years, and that several other instructors in the same program are not college graduates and those who are did not major in nursing education. She alleges that the action of the Board in terminating her services is discriminatory, and the result of arbitrary, capricious and completely unwarranted action) and she has sustained damages for mental upset, humiliation, and embarrassment in the amount of $5,000.00 and future mental upset, humiliation and embarrassment in the amount of $7,500.00 totaling $12,500.00 for which she prays that judgment be granted to her.
The defendant filed the peremtory exceptions of no cause and no right of action and in the alternative, filed a motion for summary judgment. It pleads the governmental immunity granted by Article 19, Section 26 of the Constitution of 1921 of the State of Louisiana, and it asserts that the plaintiff has not alleged any legislative grant authorizing her to institute proceedings for the damages complained of. It alleged that the plaintiff did not possess the minimum educational requirements for her position and that she had not attained tenure, and therefore, it avers that on March 11, 1969, the Orleans Parish School Board dismissed her as a temporary nursing instructor of practical nursing effective March 20, 1968, after receiving a written recommendation from the Superindentent of the Orleans Parish School Board accompanied by valid reasons as set forth in the extract of the meeting of the Board on March 11, 1968, designated as Report No. 1303, which was introduced into evidence.
A letter from Alfred B. Hebeisen addressed to Mrs. Quina relates these reasons for her termination to be her failure to earn the required eighteen semester hours toward a Bachelors Degree in Nursing Education within a reasonable period of the date of her initial employment, which was October 4, 1965. It points out that she was offered employment on a probationary basis with the understanding that she would complete a minimum of eighteen semester hours as recommended to the Board by Booz, Allen & Hamilton and adopted by it in 1960, and these would be completed within a reasonable period and definitely prior to the completion of three years of employment. Mrs. Quina did not commence work to obtain the credits until January of 1967, at which time J. Jack Fontans, Personal Assistant, wrote reminding her of her requirement and that he wrote again on December 19, 1967, requesting that she submit her immediate and long range educational plans. He did not receive such information and he wrote to her again on January 23, 1968 suggesting that a resignation was in order and if it were not received by January 31, 1968, that Mrs. Goldman would initiate a recommendation for her termination for failure to meet the necessary educational requirements. It was not until after a conference at the request of the plaintiff on January 26, 1968, that her plans were disclosed for meeting the educational requirements. She wrote a letter on January 28, 1968, stating *838 that she had registered on January 26, 1968, for six semester hours at Tulane University and planned to acquire six additional hours during the summer and another during the fall semester. Mr. Fontans then pointed out to her that her belated plans were not acceptable as she would not be able to complete the work until after she had acquired tenure on October 4, 1968.
An affidavit by Anna S. Goldman to the effect that Mrs. Quina was advised prior to her employment of the minimum educational requirements of 16 semester hours for the position held by her, which were to be earned within three years from the date of her employment, and at the end of that period, she would be eligible for tenure if she had satisfied this requirement in addition to other requirements, and that Mrs. Quina agreed to meet these within the time allowed. She stated that on numerous occasions after her employment she had reminded Mrs. Quina of her agreement to obtain the credits, and on two occasions Mrs. Quina informed her she had enrolled at Tulane University but she was never apprised of Mrs. Quina’s completing successfully any of the courses selected, and it was her understanding that Mrs. Quina discontinued the work on both instances. She further stated that on or about January 28, 1968, Mrs. Quina notified Mrs. Goldman that she planned to acquire six hours of credit during the summer and another six hours during the fall semester and that she would inform her which subjects she would pursue, and by the time she was to attain tenure, she would be working on the eighteenth credit, and asked if this plan would be satisfactory for remaining in her position. Mrs. Goldman explained that as Mrs. Quina had not earned any of the required credits by January 28, 1966, and her plans would not permit her completion before achieving a permanent status, she recommended termination of her services.
A letter dated January 28, 1968, addressed to Mrs. Goldman by Mrs. Quina stated that she had not informed Mrs. Goldman of her plans earlier because the school bulletin was not available to her prior to the week before January 28th, and she had registered at Tulane on Friday, January 26, 1968, for six credits and planned to acquire six credits in the summer and six in the fall semesters and would notify her of the subjects when she received the bulletins. She also expressed that she was in a quandry as to whether she should pursue a degree in nursing or in education, and she would discuss her plans further with Mrs. Goldman.
An affidavit was introduced in which Alfred B. Hebeisen stated that five instructors in the nursing program held B.S. Degrees in Nursing, one had 32 hours, another 40 hours and Mrs. Goldman has 96 hours.
An affidavit of Mary Y. Tunis, an instructor in the program, stated that to her knowledge Mrs. Quina was at no time advised of the need to pursue a college education or obtain a Bachelor of Science in Nursing Education, and at staff meetings, interviews and the like, the lack of educational requirements of the employees was never raised and to her knowledge, not one of the nursing instructors in the past eleven years had possessed a degree in Nursing Education and several instructors, including Mrs. Goldman, do not possess college degrees. Several do not have the minimum eighteen hours nor did they have them when the requirements were initiated in October of 1960, and she knows of no instructor who has been discharged because of failure to meet educational requirements.
Mrs. Quina’s affidavit was to the effect that she was never informed by Mrs. Goldman or any agent or employee of the Orleans Parish School Board of the minimum credits required until some time in January of 1967, at which time she was informed by a letter from the defendant; however, she contends that no time limit was set for completing the eighteen hours and when she was informed in December *839 of 1967 of the need for completing them, she enrolled at Tulane University in an effort to comply. She also stated that educational requirements were never brought up at any staff meetings, interviews or the like, and that she is the only instructor who has ever been discharged for failing to meet the requirements, and none of the instructors has a Bachelor of Science in Nursing Education and there are instructors who still do not have college degrees, and she believes instructors have obtained tenure subsequent to 1960 who had not complied with the educational requirement.
The lower court in its written reasons for judgment observed that there is absolutely no merit in the contentions of the plaintiff and the discretion of setting the requirements by the Orleans Parish School Board is an administrative act of the Board and the judiciary will not interfere where not a scintilla of evidence is introduced to show an abuse thereof, and as it determined that there was no genuine issue as to a material fact, it rendered judgment in favor of the Orleans Parish School Board and against Patricia S. Quina dismissing the suit at her costs. From that judgment, the plaintiff has prosecuted this devolutive appeal.
The defendant answered the appeal praying that the judgment appealed from be amended to maintain the exceptions of no right and no cause of action and as thus amended, that it be affirmed with appellant to pay all costs incurred in both courts.
The purpose of the summary judgment procedure as set forth in the Louisiana Code of Civil Procedure Articles 966-969 is to define a procedural device for promptly disposing of an action in the interest of justice, where there is no genuine issue with respect to any material facts, thereby avoiding an extended and useless trial for development of facts which are not in dispute. The greatest difficulty encountered in adjudication of cases in which a motion for summary judgment is made has been the determination of whether there actually is a genuine issue of material fact from the admissible evidence offered.[1] The likelihood that a party will be unable to prove his allegations is not a sufficient reason for refusing him a trial on the merits, and it constitutes absolutely no basis for rendering a summary judgment.[2] If there is a doubt as to the existence or truth of any material fact, a trial on the merits is to be preferred and granted. Since summary judgment will support a plea of res judicata, it should be sparingly applied and used only under proper circumstances.[3]
In the instant case, the defendant contends that there are no material issues of fact in dispute. There is no dispute that the School Board used the proper procedure in discharging Mrs. Quina, and the Board contends that it derived its authority to do so from the provisions of LSA-R.S. 17:521, which reads as follows:
“As used in this Sub-part the term ‘employee’ means any person in the employ of the Orleans Parish school board who is not a teacher or whose legal employment does not require the holding of a teacher’s certificate.”
and from LSA-R.S. 17:522, which reads as follows:
“Each employee of the Orleans Parish school board shall serve a probationary term of three years, such probationary term to be reckoned from the date of his first appointment to the *840 position in which he is serving his probation. During this probationary term, the Orleans Parish school board may dismiss or discharge any probationary employee upon the written recommendation of the Superintendent of the Orleans Parish school board, accompanied by valid reasons therefor.
“Any employee found unsatisfactory by the Orleans Parish school board shall be notified in writing before the expiration of his probationary term, that he has been discharged or dismissed. In the absence of such written notification, the probationary employee shall automatically become a regular and permanent employee of the Orleans Parish school board at the expiration of this probationary term. All employees of the Orleans Parish school board on July 26, 1944, who have served satisfactorily for more than three years, are declared to be regular and permanent employees of the Orleans Parish school board.” (Emphasis added.)
The record convinces us that there are material facts at issue which must be decided before determination can be made as to whether the School Board had a valid reason for discharging Mrs. Quina or if it acted arbitrarily and capriciously. The evidence is conflicting as to when she was informed for the first time of the necessity that she obtain the educational requirements set forth by the Board and what time limit, if any, for completion was established and communicated to her. If they were to be acquired within a reasonable time, then further evidence is necessary for determination of what is a reasonable time. Also, the exact number of credits required is in conflict as Mrs. Goldman stated 16 and the Board 18, and it has not been established with certainty that she would or could not have completed them within the time prior to her having acquired tenure. Additionally, the affidavits of Mr. Hebeisen, Mrs. Tunis and Mrs. Quina as to the qualifications of the other instructors raise doubt as to whether discharging Mrs. Quina because she had not completed the required courses was discriminatory and not valid reason for her discharge in view of the possibility that others may not have complied with the same requirement or that they have been permitted to acquire the credits while teaching in the practical nurse program. The evidence also indicates that she had attempted to comply with the requests of the School Board, and considering possible past practices, the facts of which are in dispute, her discharge may not have been for a valid reason. Since material facts are in dispute, the motion for summary judgment should not have been granted.
The trial court decided the case on the defendant’s motion for summary judgment, but it did not rule on the exceptions of no right and no cause of action, and these exceptions have been reurged in this court. Our analysis of the record convinces us that both exceptions should be overruled. The provisions contained in LSA-R.S. 17:522 permit the Orleans Parish School Board to discharge any probationary employee during the probationary period upon the written recommendation of the Superintendent of the Orleans Parish School Board, but it must be accompanied by a valid reason therefor. The allegations of the plaintiff’s petition clearly state that at the time of employment, the Board was aware of the plaintiff’s qualifications and knew that she was not a college graduate and had little or no experience as an instructor of nursing, and no time limit was ever established for her commencing or completing a specific number of college hours, and as she was attempting to complete the hours after notification by the Board to do so, her failure to have these college credits being the only excuse given for her discharging her, it is questionable that there is valid cause for terminating her services, and this can only be determined by a trial on the merits. If there is no valid reason for her discharge, she does have a cause of action *841 against the School Board, and, therefore, the exception of no cause of action must he overruled.
The defendant has also urged the exception of no right of action, asserting that the plaintiff does not have a right against the School Board for damages consisting of mental upset, humiliation and embarrassment because of an alleged unwarranted discharge in the absence of a special enactment by the legislature granting the right to sue the Board. We agree with the contentions of the defendant that Mrs. Quina has no right of action in tort against the defendant because of the following provisions of Article 19, Section 26 of the Constitution of 1921 of the State of Louisiana:
“Section 26. The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana :
******
“(7) The parish school boards of each of the parishes of the State of Louisiana.
******
“(10) The State Department of Education.
“The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.
“This Section shall be self-operative and shall supersede any other portion of this Constitution or any statutes or regulations in conflict herewith. (Added Acts 1956, No. 613, adopted Nov. 6, 1956.)”
However, should it be determined that she was discharged without valid reasons, she would be entitled to sue because of breach of the Board’s contract of employment with her for reimbursement of back wages from the time of her discharge [5] and for reinstatement; therefore, she has a right of action.
For the foregoing reasons, the judgment of the trial court is hereby reversed, the exception of no cause of action is overruled and the exception of no right of action is overruled as to Mrs. Quina’s right to sue for reinstatement and back wages and it is maintained as to her right to sue in tort and the case is remanded to the lower court for further proceedings not inconsistent with our findings herein.
The defendant is to pay such costs as are authorized by law. LSA-R.S. 13:4521.
Reversed, exception overruled in part, and maintained in part, and remanded.

. Snell v. Intercoastal Airways, Inc., La.App., 139 So.2d 70 (1962), 165 So.2d 878 (1964); Cazalas, “Development of Jurisprudence in Louisiana Relative to Summary Judgment Since 1960,” 12 Loyola Law Review, pp. 129-130 (1965-1966).

. Jacobs v. Beck, La.App., 141 So.2d 920 (1962).

. Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Grant v. Touro Infirmary, La.App., 169 So.2d 574 (1964); Cazalas, supra, Note 1, p. 131.

. State ex rel. Nobles v. Bienville Parish School Board, 200 La. 983, 9 So.2d 210; Hays v. Louisiana Wild Life and Fisheries Commission, La.App., 153 So.2d 562 (1963) ; Grimble v. Avoyelles Parish Police Jury, La.App., 212 So.2d 496 (1968).