PRICE, Judge.
Mrs. Katie L. Folden Alford brought this suit against the North-Central Area Vocational Technical School seeking damages she allegedly sustained because the school refused to allow her to take advanced training after completion of a practical nurse’s course at the institution. A peremptory exception was filed setting forth the lack of procedural capacity of the school to be sued and plaintiff amended her petition to substitute the Louisiana State Board of Education as the party defendant.
Subsequent to this amendment, the Board of Education filed exceptions of improper venue and no right or cause of action. On this appeal the defendánt concedes the filing of the peremptory exception along with the declinatory exception of venue constitutes a waiver of the latter exception and this is no longer an issue on this appeal.
The sole issue for review on plaintiff’s appeal from the trial court’s judgment dismissing her demands by sustaining the exception of no right or cause of action is whether the Louisiana State Board of Education is entitled to governmental immunity from suit. There has been no permission obtained from the Legislature specifically waiving the Board’s immunity from suit and liability in this instance.
Plaintiff contends her suit is for breach of contract and under the provisions of LSA Constitution Article 19, Section 26, no immunity exists on the part of the Board from such an action.
This section of the constitution provides in part:
“Section 26. The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana:
‡ ifc ‡ # H*
(5). The State Board of Education,
5fC ‡ * * * *
“The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Addi *891 tionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.
“This Section shall be self-operative and shall supersede any other portion of this Constitution or any statutes or regulations in conflict herewith. (Added Acts 1956, No. 613, adopted Nov. 6, 1956).”
Plaintiff’s petition as supplemented and amended by additional pleadings does not project an action for breach of contract but clearly is a tort action seeking to recover damages for an alleged dereliction of defendant’s obligation or duty to allow plaintiff to receive advanced courses. There is no contractual agreement set forth or alleged in the petition. See Huckabay v. Netterville, 263 So.2d 113 (La.App. 1st Cir. 1972).
Plaintiff secondly contends there no longer exists any immunity from suit in tort by any agency of the State in view of the Supreme Court decision in Board of Commissioners of Port of New Orleans v. Splendour Shipping and Interprises Co., Inc., La., 273 So.2d 19 (1973).
We find no merit in this position. In the case relied on the Supreme Court was concerned with an agency of the State which was not specifically granted such immunity by Article 19, Section 26 of the Constitution. We must necessarily conclude the court had no intent nor the power to erase this provision of the Constitution. As we understand the meaning of the Splendour decision, the sovereign immunity from suit in tort no longer exists for the Board of Commissioners of the Port of New Orleans, and all other such boards and agencies which had heretofore been accorded their immunity by jurisprudential doctrine only.
As the defendant, Board of Education, is an agency enumerated in Article 19, Section 26, it may not be sued other than as a result of a contract, without the express waiver of its immunity by legislative act in compliance with Section 35 of Article 3 of the Constitution.
Plaintiff, having failed to procure this waiver of immunity, has no right of action against the defendant. The judgment appealed from, insofar as it sustained defendant’s exception of no right of action and dismissed her demands, is affirmed.
All costs of this appeal are to be paid by appellant.