300 So.2d 848 (1974)
ORLEANS PARISH SCHOOL BOARD
v.
James Russell WILLIAMS.
No. 6340.
Court of Appeal of Louisiana, Fourth Circuit.
September 10, 1974.
Rehearing Denied October 9, 1974.
Writ Granted November 22, 1974.
Franklin V. Endom, Jr., Richard G. Verlander, Jr., Polack, Rosenberg, Rittenberg & Endom, New Orleans, for Orleans Parish School Board.
Emile W. Schneider, New Orleans, for James Russell Williams.
Before REDMANN and LEMMON, JJ., and BOURG, J. Pro Tem.
Rehearing En Banc Denied October 9, 1974.
REDMANN, Judge.
Defendant, sued for breach of an employment contract, appeals from the dismissal *849 of his reconventional tort demand against plaintiff school board on an exception based on constitutionally-granted sovereign immunity,[1] La.Const. (1921) art. 19 § 26.[2] We reverse.
We preliminarily note that the judicially-established doctrine of sovereign immunity from liability and from suit has been abrogated in Louisiana by Board of C.P. of New Orleans v. Splendour S. & E. Co., La.1973, 273 So.2d 19. We also note that (like art. 3 § 35, discussed in Splendour) La.Const. art. 19 § 26, upon which the school board relies, presupposes immunity from suit and proceeds to revoke previously-granted legislative waiver. Art. 19 § 26 basically withdraws consent to be sued, although it does at one point add "and no such suit or proceeding shall be permitted except as provided in this section." We will accept for purposes of this case that art. 19 § 26 established an immunity from suit for the agencies (including school boards) it names.
But subsequent to the 1956 adoption of art. 19 § 26 the 1960 amendment of art. 3 § 35 authorized general (rather than individual) waivers, Terrebonne Parish Sch. Bd. v. St. Mary Parish Sch. Bd., 1961, 242 La. 667, 138 So.2d 104; and La.Acts 1960, Ex.Sess., No. 25 § 1, amending R.S. 17:51, effectively waived every parish school board's immunity from suit, id.
By La.Acts 1962, No. 67 the Legislature amended R.S. 17:51 to delete the 1960 authorization to be sued and attempted to reinstitute immunity from suit (except on contract).
The Legislature does not have the power to make school boards immune from suit. We may assume that La.Const. art. 19 § 26 at one time made school boards immune from non-contractual suits (ignoring obvious questions of due process and equal protection). But art. 3, § 35 subsequently authorized waivers by general laws and provided that "each authorization by the Legislature for suit against the State... shall be effective and valid for all purposes, as and from the date thereof, as a waiver of the defendant's immunity both from suit and from liability." La. Acts 1962, No. 67, is unconstitutional insofar as it attempted to overrule art. 3, § 35 and to provide that the 1960 general waiver is not "effective and valid for all purposes, as and from the date thereof...." Thus, that act's 1962 amendment *850 of R.S. 17:51 is not effective to grant immunity from suit to the school board.
Reversed.
LEMMON, J., concurs with written reasons.
LEMMON, Judge (concurring specially).
I agree with the majority reasoning that the 1962 amendment to R.S. 17:51 could not grant school boards immunity from suit.
However, I prefer to reach the majority result on other grounds.
Judicially-established governmental immunity was judicially repudiated in the Splendour case as unfair and discriminatory law. The school board here asserts immunity on the basis of a constitutional grant under Art. 19, § 26.
Whether enacted by the Legislature or adopted by the electorate, any law which limits the right to sue to persons who obtain the favor of a political body is obviously violative of the Equal Protection and Due Process clauses of the Constitution of the United States. The requirement that a person enter political channels in order to exercise his right to sue in tort is an archaic political evil of the worst kind, and should be struck down immediately.

BY THE COURT EN BANC
The School Board's application for rehearing notes that our conclusion that the School Board does not have governmental immunity from tort suit or liability is in conflict with our decision in Quina v. Orleans Parish Sch. Bd., La.App.1969, 224 So. 2d 835.
If Quina is not already impliedly overruled by Board of C. of P. of New Orleans v. Splendour S. & E. Co., La.1973, 273 So.2d 19, it is now expressly overruled by us.
Rehearing is refused.
NOTES
[1] The exception theorized that because the school board claimed sovereign immunity, defendant had no right of action to sue in reconvention. The exception of "no right of action, or no interest in the plaintiff to institute the suit," C.C.P. art. 927(5), serves to defeat only a petition by the wrong plaintiff, Babineaux v. Pernie-Bailey Dr. Co., 1972, 261 La. 1080, 262 So.2d 328. That a defendant has some immunity from liability or suit may defeat the injured person's action, but it does not change the basic legal verity that the injured person is a proper plaintiff in any suit that may be brought for the injuries. See also White v. Charity Hosp. of La. at N. O., La.App.1970, 239 So.2d 385.
[2] "The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana:

* * * * *
"(7) The parish school boards of each of the parishes of the State of Louisiana,
* * * * *
"The consent of the State of Louisiana to suits or legal proceedings against any of the above listed special agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceedings shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies and for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana may, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.
"This Section shall be self-operative and shall supersede any other portion of this Constitution or any statutes or regulations in conflict herewith."