310 So.2d 104 (1975)
Mrs. Goldie Marie HILL
v.
NORTH-CENTRAL AREA VOCATIONAL TECHNICAL SCHOOL.
Mrs. Katie E. Folden ALFORD
v.
NORTH-CENTRAL AREA VOCATIONAL TECHNICAL SCHOOL.
Nos. 55396 and 55397.
Supreme Court of Louisiana.
March 31, 1975.
*105 Bobby L. Culpepper, Holloway, Baker, Culpeppper & Brunson, Jonesboro, for plaintiffs-applicants.
William J. Guste, Jr., Atty. Gen., Robert C. Downing, Louis M. Jones, Asst. Attys. Gen., for defendant-respondent.
BARHAM, Justice.
These cases were consolidated in this Court. The plaintiff in each case had her suit dismissed in the trial court on an exception of no cause of action. Those judgments were maintained in the court of appeal. 298 So.2d 889, 891 (La.App.2d Cir. 1974). We granted writs to review the correctness of the action by the court of appeal.
North-Central Area Vocational Technical School was made defendant in each suit, and dilatory exceptions were filed on the basis of lack of procedural capacity of the school to be sued. Plaintiffs amended their petitions to substitute the Louisiana State Board of Education as the party defendant. The Louisiana Constitution of 1921, Article 19, § 26[*] provides that certain boards and bodies, including the State Board of Education, are considered special agencies of the State of Louisiana. The article also provides that the consent of the State of Louisiana to suits or legal proceedings is expressly withdrawn except in "* * * suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. * * *" It further provides that in individual cases, the legislature may grant the right to sue any of the special agencies.
This Court, in Board of Commissioners of the Port of New Orleans v. Splendour Shipping & Enterprises Company, Inc., 273 So.2d 19 (La.1973), determined that that Board of Commissioners and similar boards and agencies were no longer protected from suits in tort by the jurisprudentially created rule of sovereign immunity. In the cases before us it is argued that Splendour is not determinative of the standing of this board to be sued in tort; that Louisiana Constitution of 1921, Article 19, § 26 controls; and, therefore, only a suit in contract can be maintained. The court of appeal and the trial court both found that the petitions stated delictual causes of action and that this defendant was exempt from delictual suits.
We find that we need not interpret the former constitutional provision since we conclude, contrary to the courts below, that the plaintiffs have alleged a cause of action in contract.
*106 In the original petitions plaintiffs alleged that the agents and representatives of the school
"* * * arbitrarily, capriciously and without proper cause or justification refused to allow petitioner[s] to continue in the practical nursing course and specifically refused to allow petitioner[s] to advance to the clinical phase of [their] training * * *."
This is re-urged in the amending and supplemental petitions, where it is further alleged that, despite the plaintiffs' qualifications by experience and knowledge, the school refused to advance them to the clinical portion of the program, thereby breaching the school's obligation to so advance qualified students. It is specifically alleged:
"* * * that in consideration for the said promise and obligation on behalf of the North-Central Area Vocational and Technical School to send qualified students into the clinical stage of the program, your petitioner[s] gave to the North-Central Area Vocational and Technical School the sum of TWELVE HUNDRED AND NO/100 ($1200.00) DOLLARS."
Each petitioner prays for judgment in the amount of the $1200.00, with legal interest from judicial demand.
The law applicable to a correct interpretation of the allegations of plaintiffs' petitions is very elementary. In Louisiana, no technical forms of pleading are required and simple allegations of fact are the sole requirement of a petition. La.C.C.P. art. 854. Pleadings are to be construed to do substantial justice. La.C.C.P. art. 865. The petition need only state material facts upon which the cause of action is based. La.C.C.P. art. 891.
A contract is an agreement, by which one person obligates himself to another, to give, to do or permit, or not to do something. La.C.C. art. 1761. A contract consists of a proposition and the consent to it, and when one proposes and the other assents, the obligation is complete. La.C.C. arts. 1800, 1803. A bilateral or reciprocal contract exists when the parties expressly enter into mutual engagements. La.C.C. art. 1779 provides:
"Four requisites are necessary to the validity of a contract:
1. Parties legally capable of contracting.
2. Their consent legally given.
3. A certain object, which forms the matter of agreement.
4. A lawful purpose."
When the Court examines pleadings to determine whether they state a cause of action, every fact alleged is assumed to be true. The Court does not inquire into the ability of the petitioner to make legal proof of the factual allegations. In these petitions the plaintiffs allege that in exchange for a promise of classroom education and subsequent extended clinical education to the qualified student, the petitioners paid to the school the sum of $1200.00 each. Petitioners allege that although they are qualified students for the clinical portion of the program, the school has breached its obligation to them by arbitrarily and capriciously refusing to admit them into the clinical program. These allegations meet all requirements for the formation of a contract. The parties were legally capable of mutually obligating themselves through consent. Plaintiffs contend that at least a portion of the school's obligation has been breached. They allege that although they met the requirements for the clinical portion of the program which was promised they have been refused admission to that program. They seek damages for the action of the defendant.
Having alleged a particular relationship under contract, it matters not that the allegations of a breach of that contract *107 may also entail sufficient factual allegations to meet the requirements of alleging fault for the purpose of a delictual action if there were no contract. The factual basis for many actions for breach of contract also forms the basis for delictual actions. Having concluded that the petitioners in both suits have sufficiently alleged a cause of action in contract, we need not consider the possibility of the defendant's immunity from suit in delict under the former constitution.
For the reasons assigned, the judgments of the court of appeal and the trial court are reversed and set aside. The exceptions of no cause of action are overruled. The cases are remanded to the trial court for further proceedings consistent with the views herein expressed. The costs in the court of appeal and in this Court on these exceptions are cast against the defendant according to law. All other costs are to await allocation until final disposition of the cases.
NOTES
[*] These actions were instituted prior to the effective date of the Louisiana Constitution of 1974, which became effective at midnight December 31, 1974. Article 14, § 33 of that constitution specifically provides that the provisions of Article XII, Section 10, waiving the state immunity in contract or for injury shall apply only to a cause of action arising after the effective date of the new constitution.