SANDERS, Chief Justice.
On August 29, 1974, six State Police officers filed this mandamus action against the Director of the Department of Public Safety, Division of State Police, State of Louisiana, to compel the Director to pay overtime wages due to relators for 1966, 1967, and 1968. Prior to filing this action, these relators and others had filed a class action in United States District Court on March 17, 1970, seeking recovery of overtime pay. See Ferrara et al. v. State of Louisiana, (D.C.La.) 351 F.Supp. 265. The class action was compromised in 1973. The relators in the present case rejected *866 the compromise and withdrew from the class action. Several months later, they filed the present suit.
The district court granted the writ of mandamus, ordering the Director of the Department of Public Safety to pay rela-tors the overtime wages claimed. The court held Act No. 34 of 1969 (amendatory to LSA-C.C.P. Art. 3862), prohibiting the issuance of a mandamus against a state agency which would create a deficit, to be unconstitutional. Because of this holding, the case comes to this Court on appeal. See LSA-Const. Art. 5, § 5(D)(1) (1974).
The Director of the Department of Public Safety asserts that the relators’ action has prescribed; that the relators are not entitled to overtime since their work week for the period in question was forty-eight rather than forty hours per week; that the attempt of the Louisiana Legislature to establish overtime pay for work in excess of forty hours per week is unconstitutional, because the Louisiana Constitution provides that the Civil Service Commission shall determine maximum and minimum wages.
We find that defendant’s plea of prescription is well-founded. Recently, in Bradford v. City of Shreveport, La., 305 So.2d 487 (1974), we held that a policeman’s claim for back pay is governed by the one-year prescription set forth in LSA-C.C. Art. 3534, which provides in pertinent part:
“The following actions are prescribed by one year:
“That of justices of the peace and notaries, and persons performing their duties, as well as that of constables, for the fees and emoluments which are due to them in their official capacity.”
Here, relators are seeking overtime pay allegedly earned in 1966, 1967, and 1968, as members of the State Police force. No suit was filed in any court until more than four years after the last wages were due. Relators seek to avoid the application of prescription, asserting that the State Legislature has never waived the State’s immunity from suit as to relator’s claim. They assert prescription has not begun to run.
It is true that LSA-R.S. 13:5107 provides that when the Legislature authorizes suit against the State, a plea of prescription will not bar the action, if suit is filed within one year after the effective date of the act or resolution. The statute has no application to the present suit for wages, since no authorizing resolution was needed or enacted. The absence of legislative authorization does not prevent the running of prescription.
We hold that relators’ suit for past due wages is barred by the one-year prescription. Having found merit in the plea of prescription, we do not reach the other issues raised by the parties.
For the reasons assigned, the judgment of the district court is reversed and set aside; the Writ of Mandamus is recalled; and the relators’ .suit is dismissed at their costs.
BARHAM, J., concurs.