323 So.2d 441 (1975)
Lloyd DARVILLE et al.
v.
ASSOCIATED INDEMNITY CORPORATION and Louisiana Department of Corrections.
No. 56358.
Supreme Court of Louisiana.
November 3, 1975.
Dissenting Opinion December 18, 1975.
Charles O. Dupont, Allen M. Edwards, Plaquemine, for plaintiffs-applicants.
William J. Guste, Jr., Atty. Gen., Carl Roberts, Asst. Atty. Gen., for defendantsrespondents.
DIXON, Justice.
This action was brought by Lloyd Darville, Mrs. Ella Darville and Mrs. Lee Ethel Todd Riley for damages for personal injuries sustained in an automobile accident. Made defendants were Huey Martin, an inmate of the Department of Corrections who was serving as a trustee at the Louisiana Correctional Institute for Women, the Louisiana Department of Corrections and its insurer, the Associated Indemnity Corporation. *442 The accident occurred on September 30, 1972 at the intersection of Louisiana Highway 30 and the private road leading out of the Louisiana Correctional Institute for Women, when a truck, owned by the department and driven by Huey Martin, collided with a Volkswagen driven by Mrs. Ella Darville, in which Mrs. Lee Riley was a guest passenger.
Huey Martin was never served, and the trial court sustained an exception based on lack of service. Therefore the lower court's judgment did not affect him. Mrs. Lee Ethel Todd Riley and her husband dismissed their actions prior to trial.
The State of Louisiana, through the Louisiana State Penitentiary and the Department of Corrections, filed an exception of no cause of action, based on the doctrine of sovereign immunity. The trial court overruled the exception, and, on the merits, found that the accident was caused by the negligence of Huey Martin, for which the Department of Corrections and its insurer were liable under the doctrine of respondeat superior. Judgment was rendered in the full sum of $52,061.00 plus interest and costs. The insurer paid plaintiffs to the extent of the policy limits and did not appeal. The Department of Corrections appealed.
On appeal, the First Circuit Court of Appeal amended the trial court's judgment to maintain the exception of no cause of action filed by the Department of Corrections. Darville v. Associated Indemnity Corporation, 311 So.2d 925 (La.App.1st Cir. 1975). We granted certiorari because of the apparent conflict between this decision and the decision of this court in Board of Commissioners of the Port of New Orleans v. Splendour Shipping and Enterprises Company, Inc., 273 So.2d 19 (La. 1973) and cases following.
In the Splendour case, supra, this court reviewed the history and the governmental purpose of the doctrine of sovereign immunity. We recognized that sovereign immunity in Louisiana was a judicially created doctrine, not a constitutionally mandated one. In fact, its constitutional history reflects more the concern of the legislature with the implementation of procedures designed to avoid its effect rather than any desire to foster the growth of the doctrine.[1] Because sovereign immunity was in fact a judicially created exception to the public policy of this state,[2] this court felt the time had come to abrogate the doctrine:
Governmental responsibility is needed more today than ever. There is hardly any sector of private life and activity free from governmental intervention. The myriad State agencies and their employees almost defy inventory, to say nothing of control by the people whom they purport to serve. It has not been the policy of the legislature to permit employees of agencies to injure, intentionally or carelessly, private citizens. It is and should be the policy of the State, enforced through its courts, to require boards and agencies to act responsibly, or be subject to answer in court.
273 So.2d 19, at 25-26, Splendour, supra.
We are further buttressed in our belief that the Splendour decision indeed reflects the proper policy of this state with regard to sovereign immunity by the provisions of *443 the 1974 Constitution. Article 12, sec. 10 of the new constitution states:
Section 10. (A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
(B) Waiver in Others Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered.[3]
The decision by the First Circuit in the instant case appears to be inconsistent not only with the holding in the Splendour case, but also with the decisions of the other courts of appeal of this state. Indeed, the First Circuit itself, in Jackson v. Doe, 286 So.2d 751 (La.App. 1st Cir. 1973), which involved the issue of charitable immunity, noted:
Thus, plaintiff has good reason to be optimistic, especially in view of the Louisiana Supreme Court's later decision in Board of Commissioners of Port of New Orleans v. Splendour Shipping & Enterprises Company, 273 So.2d 19 (La.1973), wherein the doctrine of governmental immunity from tort liability was abrogated.
At page 753.
The Third Circuit recognized the holding ofSplendour in Traigle v. Parish of Calcasieu, 296 So.2d 411 (La.App. 3rd Cir. 1974):
In Splendour, our Supreme Court abolished the defense of sovereign immunity by all state boards and agencies. The Supreme Court stated: "We hold Port of New Orleans, and other such that the Board of Commissioners of the boards and agencies, are not immune from suit for tort." This is a broad rejection of governmental immunity, sufficient to negate the assertion of the defense by any political subdivisions of the state, including police juries. See the comment, Governmental Immunity: The End of "Kings X", 34 La.L.Rev. 69 and the concurring opinion in Pettis v. State Department of Hospitals, 281 So.2d 881 (La.App. 3rd Cir. 1973).
The Second Circuit has also recognized the holding in the Splendour decision. In Alford v. North-Central Area Vocational Technical School, 298 So.2d 889, 891 (La. App.2d Cir. 1974), reversed and remanded 310 So.2d 104 (La.1975), the court noted:
As we understand the meaning of the Splendour decision, the sovereign immunity from suit in tort no longer exists for the Board of Commissioners of the Port of Orleans, and all other such boards and agencies which had heretofore been accorded their immunity by jurisprudential doctrine only.
The court went on to uphold a defense of sovereign immunity in the Alford case, because the North-Central Area Vocational Technical School was an institution under the jurisdiction of the State Board of Education, which was a special agency of the state granted immunity from tort actions by article 19, sec. 26 of the 1921 Constitution.[4] *444 This court reversed, finding that plaintiffs stated a cause of action in contract, thus pretermitting any discussion of the effect of article 19, sec. 26 in relation to the Splendour decision.
The Fourth Circuit in Orleans Parish School Board v. Williams, 300 So.2d 848, 849, (La.App. 4th Cir. 1974), set aside and remanded 312 So.2d 647 (La.1975), stated:
We preliminarily note that the judicially-established doctrine of sovereign immunity from liability and from suit has been abrogated in Louisiana by Board of C.P. of New Orleans v. Splendour S. & E. Co., La.1973, 273 So.2d 19.
In that case, the School Board had instituted suit against Williams for money it allegedly had overpaid him. Williams reconvened for damages on the grounds he had been unjustly discharged. The trial court upheld an exception to the reconventional demand, based on the defense of sovereign immunity. The Fourth Circuit reversed, holding that act 67 of 1962[5] was unconstitutional. This court held that the constitutionality of Act 67 of 1962 need not be decided, because the school board, by filing suit, waived any immunity it might possess under art. 19, sec. 26 of the 1921 Constitution.
The case of Genusa v. Krulee, 305 So.2d 752 (La.App. 4th Cir. 1974) held:
In Orleans Parish School Board v. Williams, 300 So.2d 848 (decided by this Court on September 10, 1974), we held that the legislative enactments variously referred to in that opinion did not render school boards immune from suit and followed the clear signal transmitted by Board of Commissioners of Port of New Orleans v. Splendour Shipping & Enterprises Company, Inc., et al., La.Sup.1973, 273 So.2d 19. This case clearly falls within the same category.
In the instant case, the First Circuit Court of Appeal has misunderstood our holding in Splendour. The court of appeal states that "the holding of the Court in the Splendour case was to the effect that the State Board waived its Governmental Immunity when it filed suit against Splendour which then had a right to reconvene against the State".[6] This is *445 incorrect. The majority in the Splendour decision specifically refused to base its decision on waiver. Rather, the majority held that sovereign immunity, as such, was abrogated:
For these reasons, Fouchaux v. Board of Commissioners, supra (La.App., 186 So. 103), and Miller v. Board of Commissioners, supra (199 La. 1071, 7 So.2d 355) are overruled. We hold that the Board of Commissioners of the Port of New Orleans, and other such boards and agencies, are not immune from suit for tort. The judgments of the Court of Appeal and the district court, dismissing defendant's reconventional demand, are reversed, and the case is remanded to the district court for further proceedings.[7]
The Louisiana Department of Corrections was not a special agency of the state under article 19, sec. 26 of the 1921 Constitution, so that provision is not relevant to this proceeding.
The court of appeal in the instant case was in error in maintaining the exception of no cause of action filed by the Department of Corrections.
For these reasons, the decision of the court of appeal is reversed, and the judgment of the trial court is reinstated.
SUMMERS, J., dissents and assigns written reasons.
SUMMERS, Justice (dissenting).
I cannot agree that the decision in Board of Commissioners of the Port of New Orleans v. Splendour Shipping and Enterprise Company, Inc., 273 So.2d 19 (La. 1973) is correct, and I reaffirm the position I expressed in my dissent in that case.
Nor do I agree that the broad language of the Splendour Case purporting to abolish the doctrine of sovereign immunity in its entirety is an expression of the proper policy of this State which is buttressed by the adoption of Article XII, Section 10, of the Constitution of 1974.[1] To the contrary, I believe it is implicit in Section 10(B) of Article XII of the 1974 Constitution that sovereign immunity continues to be a viable doctrine in our State Constitution, except in contract and tort suits. Otherwise why would the constitution provide as it does that there should be no immunity from suit and liability for the State or its agencies and political subdivisions in contract and tort cases, and provide at the same time that the legislature may authorize other suits against the State, a state agency, or a political subdivision? Or why should the constitution prescribe that a measure authorizing suit shall waive immunity from suit and liability? What "immunity" is the constitution referring to other than sovereign immunity?
If the Splendour decision had the effect of abolishing sovereign immunity across the board, as the instant case seems to *446 hold, then I believe the Constitution of 1974 reestablished sovereign immunity except in tort and contract cases. To that extent at least, the attempted abolition of sovereign immunity in the Splendour Case has been repudiated as a broad expression of "the proper policy of this state with regard to sovereign immunity." This Court's persistent refusal to recognize this fact renders the constitutional provision on the subject meaningless. I wonder if those who subscribe to that proposition realize the consequences of a total abolition of the doctrine of sovereign immunity.
What is at stake here is the constitution and the Court's power to abolish this State's sovereignty.
I would affirm the decision of the Court of Appeal. (311 So.2d 925).
NOTES
[1] See the constitutional discussion in Board of Commissioners of the Port of New Orleans v. Splendour Shipping and Enterprises, Company, Inc., 273 So.2d 19 at pp. 23-24.
[2] "All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights." La.Const. art. 1, sec. 22 (1974); see also La.Const. art. 1, sec. 6 (1921); La.Const. art. 110 (1864); La.Const. art. 10 (1868); La.Const. art. 11 (1879); La.Const. art. 6 (1898); and La. Const. art. 6 (1913).
[3] This provision of the new constitution applies only to causes of action arising after the effective date of the constitution, midnight December 31, 1974. La.Const. art. 14, sec. 33 (1974).
[4] Properly speaking, Art. 19, sec. 26 withdraws consent to be sued:

The following named commissions, boards, bodies or municipal corporations are and shall be considered special agencies of the State of Louisiana: (5) The State Board of Education.
The consent of the State of Louisiana to suits or legal proceedings against any of the above listed agencies, (however heretofore given) is hereby expressly withdrawn and no such suit or proceeding shall be permitted except as provided in this section. This withdrawal of consent to suits and legal proceedings shall apply not only to suits and legal proceedings filed in the future but also to any pending suits or legal procedure. There is expressly excepted from the foregoing, suits for the enforcement of contracts entered into by any of the special agencies or for the recovery of damages for the breach thereof. Additionally, the Legislature of Louisiana May, in individual cases, by appropriate act grant to any party showing just and reasonable cause the right to sue any of these special agencies, in compliance with Section 35 of Article III of this Constitution.
[5] Act 67 of 1962 amended R.S. 17:51 so that it reads:

& sect; 51. Parish boards as bodies corporate; power to sue and be sued; service of citation.
There shall be a parish school board for each of the parishes, and these several parish school boards are constituted bodies corporate with power to sue. The legislature hereby authorizes suits against any parish school board for the enforcement of contracts entered into by the school board or for recovery of damages for the breach thereof, without necessity of any further authorization by the legislature. No other suits may be instituted or prosecuted against any parish school board unless in each individual case the legislature first has granted to the party or parties plaintiff the right to sue the particular school board, as provided in Section 26 of Article XIX and Section 35 of Article III of the Louisiana Constitution. In suits against school boards citation shall be served on the president of the board and in his absence on the vice-president.
[6] Darville v. Associated Indemnity Corporation, 311 So.2d 925, 927 (La.App. 1st Cir. 1975).
[7] Board of Commissioners of the Port of New prises Company, Inc., 273 So.2d 19, 26 (La. 1973).
[1] La.Const. art. XII, § 10 provides:

"(A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
"(B) Waiver in Other Suits. The legislature may authorize other suits against the state, a state agency, or a political subdivision. A measure authorizing suit shall waive immunity from suit and liability.
"(C) Procedure; Judgments. The legislature shall provide a procedure for suits against the state, a state agency, or a political subdivision. It shall provide for the effect of a judgment, but no public property or public funds shall be subject to seizure. No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which judgment is rendered."