COVINGTON, Judge:
This matter is before the court on appeal from the judgment of the district court which sustained a peremptory exception of lack of legislative authority to sue the state and its agency. The suit, filed on August 19, 1974, declares that an accident occurred on May 6, 1974, when a truck tire, which William E. Stilley was repairing, exploded and allegedly caused the injuries for which he is seeking redress. An inmate at the state penitentiary, Stilley was working on a wheel and tire of a state-owned vehicle in the A.S. & R. Garage Building at Angola, Louisiana.
The plaintiff-appellant filed this suit against the State of Louisiana, through the Department of Corrections, and also against the Department’s director, Elayn Hunt, on the grounds that the tire exploded as a result of the negligent acts of the defendants’ employees.
At the time when the suit was filed and when the hearing was held on the exception in the trial court, the plaintiff-appel-iant had not obtained previous authorization from the legislature to sue the State, nor had the State waived its immunity. Thus, under the holding of Darville v. Associated Indemnity Corp., 311 So.2d 925 (La.App. 1st Cir. 1975) which was the established jurisprudence at the time, the trial court properly sustained the exception of lack of legislative authorization. However, on November 3, 1975, the Supreme Court reversed the Court of Appeal, 323 So.2d 441 (La.1975), holding that the Department of Corrections was not among the special agencies of the state which were granted immunity from tort actions by Article 19, Section 26 of the 1921 Constitution.
On July 14, 1975, after this appeal was taken, the legislature approved House Concurrent Resolution number 248, which legislatively authorized the plaintiff herein to sue the State, through its agency, and to pursue any court action then pending relating to the alleged mishap. The pertinent provisions of that resolution read as- follows :
“William Stilley is hereby authorized to file suit and/or prosecute any suit now pending, against the state of Louisiana, through the State Board and/or Department of Corrections, upon a claim for damages alleged to have been sustained by reason of an accident which occurred at or near Louisiana State Penitentiary at Angola on or about May 6, 1974 and which is alleged to have been caused by the negligence of the officer, agents and/or employees of the said State Board and/or Department of Corrections. The state of Louisiana, through the State Board and/or Department of Corrections may be cited and served by citation and ’service on the chairman of the State Board of Corrections and/or the director of the State Department of Corrections and on the attorney general of Louisiana, and the suit herein authorized may be instituted before the Nineteenth Judicial District Court in and for the parish of East Baton Rouge or before the Twentieth Judicial District Court in and for the parish of West Fel-iciana.” (emphasis supplied)
Consequently, the state has waived its immunity from suit and from liability. *755 The 1921 Constitution, in Section 35 of Article III, as amended, empowers the Legislature to waive governmental immunity, providing in part as follows:
“The Legislature is empowered to waive, by special or general laws or resolutions, the immunity from suit and from liability of the state, . . . and each authorization by the Legislature for suit against the State or other such public body, heretofore and hereafter enacted or granted, shall he construed to be and shall be effective and valid for all purposes, as of and from the date thereof, as a waiver of the defendant’s immunity both from suit and from liability ...”
We find that the concurrent resolution herein is a categorical waiver of immunity and that it specifically authorizes the suit and its continuing prosecution although the resolution was approved subsequent to the date of the initiation of the litigation.
As we have stated above, the principal issue for us to consider on this appeal is whether the plaintiff could bring a tort action against the State through the Department of Corrections without previous authorization by legislative act. Since the legislature has passed a resolution specially authorizing the plaintiff herein to institute and prosecute this suit against the State through the defendant agency, that issue has become moot; Long v. Northeast Soil Conservation District of Louisiana, 226 La. 824, 77 So.2d 408, 410 (La.1954).
While it is true, as the defendants-appellees argue, that at the time this proceeding was filed the legislature had not authorized suit against the state and its agency, that state of events is of no avail to the appellees; the state has now effectively waived its immunity. The concurrent resolution states unequivocably that it applies to pending suits as well as to suits yet to be instituted, thus specifically recognizing the instant suit. The law sanctions retrospective applications of the resolution; Long v. Northeast Soil Conservation District of Louisiana, supra, at page 411. Moreover, such resolution, waiving the state’s immunity, is remedial in nature and is to be liberally construed; Pettis v. State Department of Hospitals, 281 So.2d 881, 885 (La.App. 3rd Cir. 1973).
Since we have concluded that the immunity of the state has been validly waived by the concurrent resolution, it is not necessary that we consider the plaintiff’s primary contention that the State of Louisiana, through the Department of Corrections, is not immune from suit in tort actions, even in the absence of a waiver of immunity.
The plaintiff-appellant has also named as a defendant, Elayn Hunt, the Director of the Louisiana Department of Corrections. It is clear from the pleadings that the defendant, Hunt, was sued for official acts only, because no injury to the plaintiff is alleged by said defendant other than might have been done in her official capacity. We conclude on this question, as did the trial court, that the exception in the nature of no cause of action should be sustained and that the suit should be dismissed as to the defendant Elayn Hunt; see Huckaby v. Netterville, 263 So.2d 113, 116 (La.App. 1st Cir. 1972).
Parenthetically, on May 5, 1975, the plaintiff filed a. supplemental and amending petition, seeking to make several individual parties additional defendants. On May 27, counsel for the appellees moved to annul the service of process thereof, alleging that the plaintiff’s counsel had caused the supplemental petition to be served on him although the mover alleged that he was not counsel of record for those individuals; therefore, counsel for these appellees took the position that the service, not being done in accordance with the provisions of C.C.P. 1231-1235, was fatally defective. This matter was not disposed of by the lower court prior to this appeal; hence, we *756 need not consider it — nihil habet forum ex scena.
For the foregoing reasons, we affirm the judgment of the district court dismissing the plaintiff’s suit against Elayn Hunt, the Director of the Louisiana Department of Corrections, but reverse said judgment insofar as it dismissed the plaintiff’s suit against the State of Louisiana, through the Department of Corrections. The case is remanded for further proceedings in accordance with the views expressed herein.
The assessment of costs shall await final disposition of the case.
Affirmed in part, reversed in part, and remanded.