PONDER, Judge.
Plaintiffs, Albah Jeanise, James W. Majors, and Roger J. Trahan, seek compensation for overtime worked. The defendant, Department of Public Safety, Division of State Police, State of Louisiana, filed peremptory exceptions of res judicata, collateral estoppel, prescription and judicial estop-pel. The trial judge sustained the last two exceptions and dismissed plaintiffs’ suit.
The issue on appeal is the propriety of the trial court’s action in sustaining the exceptions of prescription and judicial es-toppel.
We affirm.
Plaintiffs, classified employees of the defendant, claimed that between July 27, 1966, and January 1, 1969, they had each worked numerous hours in excess of forty hours per week for which they had not been adequately compensated, contrary to LSA-R.S. 32:733 and Rule 6.25 of the Louisiana Civil Service Commission.
Plaintiffs and three other state police officers had filed a mandamus proceeding in 1974, seeking an order to compel the Director of the Department of Public Safety to pay them the overtime wages that they are seeking in the present suit. The district court ordered the payment, but the Supreme Court in Jeanise v. Waguespack, La., 312 So.2d 865 (1975) held that the suit for wages was barred by one-year prescription. The present suit omits three of the plaintiffs, names the Department of Public Safety the defendant rather than the Director, and makes the action an ordinary one rather than a mandamus.
The Supreme Court stated in Jeanise that:
“It is true that LSA-R.S. 13:5107 provides that when the Legislature authorizes suit against the State, a plea of prescription will not bar the action, if suit is filed within one year after the effective date of the act or resolution. The statute has no application to the present suit for wages, since no authorizing resolution was needed or enacted. The absence of legislative authorization does not prevent the running of prescription.”
The court specifically found that the action had prescribed under Article 3534[1] of the Civil Code. The ruling is final and binding. If the action was prescribed in 1975, it is still prescribed now. Plaintiffs’ contention that prescription did not begin to accrue until the effective date of LSA-Const. 1974 or until the decision of Darville v. Associated Indemnity Corp., La., 323 So.2d 441 (1975) was answered by the Supreme Court when it said that legislative authorization for the filing of the suit was not required. Jeanise v. Waguespack, supra.
Our sustaining of the exception of prescription makes it unnecessary for us to rule on the exception of judicial estoppel.
The judgment of the trial court is therefore affirmed; appellants are cast with all costs.
AFFIRMED.

. Article 3534 provides in part: “The following actions are prescribed by one year: That of justices of the peace and notaries, and persons performing their duties, as well as that of constables, for the fees and emoluments which are due to them in their official capacity. * * ”