Edward E. MARTINEZ et al.,
Plaintiffs,

v.

SAFEWAY STORES, INC., and Brotherhood of Teamsters Local 315, et al.,
Defendants.

No. C-74-1183 SC.

United States District Court,
N. D. California.

Jan. 10, 1975.

Edward J. Polk, Employment Law Center, San Francisco, Cal., for plaintiffs.

Pillsbury, Madison & Sutro, San Francisco, Cal., for defendant (Safeways).

Brundage, Neyhart, Beeson & Tayer, San Francisco, Cal., for defendant (Teamsters).

## ORDER

CONTI, District Judge.

This is an employment discrimination suit brought pursuant to Title VII of the Civil Rights Act of 1964. The complaint also contains an allegation that the defendant Teamsters Union violated its duty of fair representation.

The case comes before the court on plaintiffs' motion to amend their complaint. Plaintiffs want to amend their complaint so as to add two more plaintiffs. The two new plaintiffs would be Edmund Bally and Henry Davis. Alternatively, Bally and Davis have moved to intervene.

F.R.Civ.P. 15 provides that leave to amend a complaint "shall be freely granted". However, it is implicit in Rule 15 that a plaintiff may amend his complaint only to add matters that would otherwise have been proper to include in the original complaint. The plaintiffs here wish to join two new parties as plaintiffs. The basic issue then is whether these new parties could have been joined in the original complaint.

F.R.C.P. 20 governs joinder of parties. Rule 20 sets forth two requirements for joinder of new plaintiffs:

(1) the relief sought must arise out of the same transaction, occurrence, or series of transactions or occurrences; and

(2) there must be a common question of law or fact.

There has been no showing that Bally's and Davis' rights to relief arise out of the same transaction, occurrence, series of transactions, or series of occurrences. Plaintiffs' motion to amend the complaint must be denied.

The four plaintiffs named in the original complaint are, or were, all truck drivers for defendant Safeway. All of the original plaintiffs are, or were, assigned to Safeway's Richmond Distribution Center. All of the original plaintiffs are, or were, members of Local 315 of the Teamsters Union. All of the claims of the original plaintiffs relate primarily to alleged discrimination in the process by which they became truck drivers for Safeway.

Edmund Bally is not a truck driver for Safeway. He is not a member of Local 315 of the Teamsters Union. In fact, Bally was a member of Safeway's management staff at the Richmond Distribution Center. Bally does not claim that he was discriminated against in his efforts to become a truck driver for Safeway, for he was not a truck driver. Furthermore, Bally wishes to complain about his termination by Safeway, unlike the four original plaintiffs who alleged that they had to contend with discriminatory practices in their efforts to win promotions to truck driver status.

Henry Davis, the second proposed new plaintiff, is a member of the Teamsters Local 315 like the four original plaintiffs. Also, like the present plaintiffs, Davis alleges that he lost promotions due to discriminatory practices by the defendants. However, it does not appear that Davis is or was a truck driver, nor does it appear that he wishes to complain about discriminatory practices which interfered with his becoming a truck driver.

The gist of plaintiffs' argument seems to be that Bally's and Davis' right to relief arises from the same "series of transactions or occurrences" because the original plaintiffs alleged company-wide and union-wide discriminatory policies and procedures. Their reliance on this argument is misplaced. In Smith v. North American Rockwell Corp.—Tulsa Div., 50 F.R.D. 515 (N.D.Okl.1970), the court held that litigation of a purported general policy of employment discrimination was not sufficient to save joinder of plaintiffs who worked for different supervisory personnel or in different departments of the defendant employer. The court in *Smith* reasoned that each plaintiff's situation would have to be considered in detail, that the deter-

mination of facts and the scope of testimony with respect to one plaintiff would have little relevance to issues raised by another plaintiff, that it was impractical to permit joinder, and consequently, that Rule 20 did not require it. 50 F.R.D. at 522–23. The same is true here. Bally's situation is clearly too different from that of the four original plaintiffs to permit joinder. With respect to Davis there is no showing that his claims are sufficiently analogous to the original plaintiffs to say that his right to relief arises from the same series of transactions as their rights do.

This leaves Bally's and Davis' motion to intervene. Rule 24(b) governs intervention in this case. That rule allows the court to exercise its discretion. However, according to Rule 24(b), in the course of exercising its discretion the court must make two determinations:

(1) the applicants' claims must have a question of law or fact in common with the original case; and

(2) permitting the intervention will not unduly delay or prejudice the adjudication of the rights of the original parties.

Again, the *Smith* case indicates that Bally's and Davis' application do not meet the above requirements. In their memorandum Bally and Davis list eight factual questions and three legal questions which they argue are common to the original case. Plaintiffs' memorandum at pp. 10–11. All of these questions can be distilled into one: has defendant Safeway ever discriminated against any employee in its employment program?

■ The original plaintiffs claim that their efforts to become truck drivers for Safeway were impeded by the alleged discriminatory practices of Safeway and their union. Viewed against this background it is clear the issue whether Safeway has ever discriminated against any employee is *not common* to the original plaintiffs' claims. While it is true that Bally and Davis raise claims based on the same general theory of law

as plaintiffs' claims, this is not a sufficient ground to find that their claims raise legal or factual questions common to plaintiffs' claims. *Smith,* 50 F.R.D. at 524.

Furthermore, since it would appear Bally and Davis were employed in capacities other than truck drivers and presumably supervised by personnel other than the personnel who supervised plaintiffs, litigation of their claims would necessitate taking large quantities of evidence unrelated to the four original plaintiffs. This would cause undue delay to the original parties.

Accordingly, it is the order of the court that plaintiffs' motion to amend their complaint be and hereby is denied. And it is the order of this court that the petition of Edmund Bally and Henry Davis to intervene be and hereby is denied.