**Robert ANDERSON, et al,**

v.

**C. Paul PHELPS, et al.**

**Civ. A. No. 84–295–A.**

United States District Court,
M.D. Louisiana.

March 29, 1985.

Clarence T. Nalls, Jr., Baton Rouge, La., for plaintiffs.

Jean G. Ray, Asst. Atty. Gen., Louisiana Dept. of Justice, Baton Rouge, La., for defendants.

JOHN V. PARKER, Chief Judge.

This matter is before the court on motion of defendants for summary judgment and motion for severance. Plaintiffs oppose the motion. Federal jurisdiction is alleged under 28 U.S.C. § 1343, 42 U.S.C. § 1981, § 1983 and § 1985(3) as well as under Title VII, 42 U.S.C. § 2000e.

### 1. *Defendants' motion for summary judgment as to plaintiff Jones*

In their motion for summary judgment, defendants claim that certain of the defendants, namely King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes, Gallagher, Fanguy, and Whitley are not proper defendants in the Jones 42 U.S.C. § 2000e cause of action since Jones did not name them in his EEOC complaint. Defendants also argue that the court lacks subject matter jurisdiction over the civil rights claims under 42 U.S.C. § 1981, § 1983, and § 1985(3) since the state of Louisiana via the Department of Corrections is immune from suit in federal court and is not a "person" under the Civil Rights Acts, 42 U.S.C. §§ 1981–1985. Additionally, defendants assert that the claims against King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes, Gallagher, Fanguy and Whitley are in reality against the state of Louisiana and are barred by the Eleventh Amendment to the United States Constitution.

In opposition to the motion for summary judgment Jones claims that Whitley's name was listed on EEOC complaint; that the state of Louisiana is not immune from suit because the court abrogated sovereign immunity regarding the Department of Corrections in *Darville v. Associated Indemnity Corporation*, 323 So.2d 441 (La.1975); and that the state is responsible under a theory of respondeat superior for the acts of its subordinates under civil rights.

■ The clear language of § 703(a) of Title VII indicates that those subject to the Act's proscriptions include "employers." Section 701 defines "employer" as

a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and *any agent of such a person* ... (Emphasis added.)

Thus, if defendants, King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes, Gallagher, Fanguy, and Whitley were found to be "agents" of the Department of Corrections, they could be subject to Title VII liability.

■ The Fifth Circuit held in *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970), that the scope of a judicial complaint in a Title VII suit is limited to the scope of the Equal Employment Opportunity Commission investigation which can reasonably be expected to grow out of the charge of discrimination. *In Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1123 (5th Cir.1981), the court held that the reasonable limits of the investigation include not only the substantive limits of the subsequent Title VII suit, but also the parties potentially liable in that action. Thus, a party need not be named in an EEOC charge if the reasonable limits of the investigation would have included an investigation of that party.

■ Summary judgment should be entered only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The party seeking summary judgment bears the burden of demonstrating there is no actual dispute as to any material fact. All reasonable doubts about the facts should be resolved in favor of the non-moving litigant. *Impossible Elec. Tech. v. Wackenhut Prot. Systems*, 669 F.2d 1026, 1031 (5th Cir.1982). The pleadings, affidavits and attachments indicate that there are material issues of fact regarding whether defendants King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes, Gallagher, Fanguy, and Whitley can be considered "agents" of the Department of Corrections under Title VII. Additionally, important fact questions remain to be resolved as to whether those named

defendants, except Whitley (who was named in the EEOC complaint), would have been included within the reasonable limits of the investigation by the EEOC. Accordingly, motion for summary judgment in the action by Jones as to defendants, King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes, Gallagher, Fanguy, and Whitley regarding plaintiffs' Title VII action is hereby DENIED.

### 2. The motion for summary judgment as to plaintiff Anderson

 Plaintiff Jones filed a charge with EEOC, and a copy of the charge is attached to plaintiffs' complaint. No such charge by plaintiff Anderson against any of the defendants is attached or alleged. The timely filing of such a charge is a statutory prerequisite to bringing a suit alleging employment discrimination in federal court, but is not a jurisdictional requirement. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). This timely filing requirement is subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines, Inc.*, supra. This lawsuit was filed March 22, 1984 and defendants' answer was filed May 14, 1984. Numerous other pleadings have been filed in this action. The lack of timely filing of an EEOC complaint by plaintiff Anderson has not been pleaded by defendants and is so waived. Thus, plaintiff Anderson may proceed with his Title VII action against defendants.

### 3. The Eleventh Amendment

 Defendants assert that the court lacks subject matter jurisdiction over the civil rights claims against the Department of Corrections under 42 U.S.C. § 1981, § 1983, and § 1985(3) since plaintiffs' suit against the Department of Corrections is in reality a suit against the state of Louisiana, and is thus barred by the Eleventh Amendment. Under the Eleventh Amendment to the United States Constitution, an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state. *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Congress has the power through the enforcement provi-

sions of the Fourteenth Amendment to lift the states' sovereign immunity, and did so regarding Title VII claims. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Congress did not abrogate the sovereign immunity of the states as to claims for deprivation of civil rights under color of state law. *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *Edelman v. Jordan, supra.* Thus, absent consent by the state or Congressional action, a state is immune from suit.

In determining whether a suit against an agency is in reality a suit against the state, the court "must examine the particular entity in question and its powers and characteristics as created by state law." *Laje v. R.E. Thomason General Hospital*, 665 F.2d 724, 727 (5th Cir.1982). This court in *Kurkiewicz v. State of La., Through Dept. of Health*, 560 F.Supp. 911 (M.D.La.1983) adopted the approach to making such an examination which was set forth by the Fifth Circuit Court of Appeals in *Tradigrain v. Mississippi State Port Authority*, 701 F.2d 1131 (1983).

The court, by looking to the state's constitutional, statutory, and decisional law, must determine the status of the agency in question through a balancing of several factors. The court should consider

(1) Whether the agency has been granted the right to hold and use property,

(2) Whether it has express authority to sue and be sued in its corporate name,

(3) The extent of its independent management authority,

(4) The treatment of the agency by state courts,

(5) Whether the state is responsible for the agency's debt,

(6) Whether the agency is primarily concerned with local, as opposed to statewide problems, and

(7) The degree of general financing autonomy of the agency. Id.

Title 36 of Louisiana Revised Statutes sets out the organization of the executive branch of the state government. Section 401 et seq. concerns the Department of Public Safety and Corrections. The De-

partment of Public Safety and Corrections, like other state agencies under Title 36, is "a body corporate with the power to sue and be sued." La.R.S. 36:401 A. This department has the authority for the security and physical safety of the citizens and property of the state, statewide concerns. La.R.S. 36:401 B. Additionally, the Department of Corrections has the right to hold and use property. La.R.S. 15:834; *Parish of Jefferson v. Louisiana Depart. of Corr.,* 259 La. 1063, 254 So.2d 582 (1971).

The source of an agency's funds is an extremely important characteristic to be examined in this analysis, especially where the lawsuit seeks to impose liability in the form of damages. Where those funds must be paid from public funds in the state treasury, the state is the real party in interest. *Edelman v. Jordan, supra.* The Department of Corrections obtains its funding from the Louisiana legislature. Under Louisiana law and jurisprudence, the state is responsible for damages caused by the negligence of employees of the Department of Corrections. *Breaux v. State,* 314 So.2d 449 (La.App. 1st Cir.1975), affirmed, 326 So.2d 481 (La.1976). Also, the Louisiana Constitution of 1974, Article 12, Section 10, provides that no judgment against the Department of Corrections shall be exigible, payable, or paid except from funds appropriated by the legislature.

■ Balancing the factors present here under the *Tradigrain* analysis, the court concludes that the state of Louisiana is the real party in interest in plaintiffs' suit against the Department of Corrections. Thus, the Eleventh Amendment to the United States Constitution bars the 42 U.S.C. §§ 1981–1985 actions against the Department of Corrections, absent consent or waiver by the state.

■ Plaintiffs rely on *Darville v. Associated Indemnity Corporation,* supra, for the proposition that the state of Louisiana through the Department of Corrections is not immune from suit in the 42 U.S.C. §§ 1981–1985 actions. While Art. 12, § 10 of the Louisiana Constitution of 1974 provides

Neither the state, a state agency, nor a political subdivision shall be immune

from suit and liability in contract or for injury to person or property

it should be noted that Louisiana R.S. 13:5106 provides

No suit against the state, state agency, or political subdivision shall be instituted in any court other than a Louisiana state court.

Thus, while the state of Louisiana has waived her sovereign immunity in tort and contract suits, she has not waived her immunity under the Eleventh Amendment from suit in federal court.

■ Additionally, states and their political subdivisions are not "persons" within the meaning of 42 U.S.C. § 1983. *Cheramie v. Tucker,* 493 F.2d 586 (5th Cir.1974).

The state of Louisiana has not consented to be sued in federal court and there has been no Congressional lifting of sovereign immunity as to civil rights claims under 42 U.S.C. §§ 1981–1985. Thus, plaintiffs' suit against the Department of Corrections is barred by the Eleventh Amendment, and defendants' motion for summary judgment, rejecting plaintiffs' civil rights claims under 42 U.S.C. §§ 1981–1985 against the Department of Corrections, is hereby GRANTED.

■ Defendants also assert that the 42 U.S.C. §§ 1981–1985 claims against King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes, Gallagher, Fanguy, and Whitley are in reality against the state of Louisiana because any money damage award would be paid by the state, and thus the actions are barred by the Eleventh Amendment. Defendants misapprehend the reach of that amendment. Defendants rely upon Louisiana R.S. 13:5108.1 which provides indemnification by the state for financial losses incurred by officers and employees of the state due to actions brought under 42 U.S.C. § 1981 through § 1983. That the state has voluntarily extended indemnification to its officers who are cast as defendants in federal civil rights cases does not alter the individuals' primary liability. The Louisiana statute in no way constitutes the individual defendants as the "alter ego" of the state or calls for satisfaction of any federal judgment from the public treasury. They may not

claim Eleventh Amendment immunity. Accordingly, the motion for summary judgment as to defendants King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes, Gallagher, Fanguy, and Whitley as to the 42 U.S.C. §§ 1981–1985 claims is DENIED.

### 4. *Defendants' motion for severance*

In the motion for severance, defendants allege that the plaintiffs' claims have the same legal theory, but under Federal Rule Civil Procedure Rule 20 they do not arise out of the same transaction, occurrence, or series of transactions or occurrences, and do not involve questions of law or fact common to both plaintiffs. Also alleged is that the joinder prejudices the defendants.

Plaintiffs oppose the motion for severance, asserting there are common questions of religious discrimination and suppression, the two plaintiffs being Seventh Day Adventists, and the causes of action arose near the same time. Further, plaintiffs allege two different trials would result in unnecessary costs, inconvenience, and possible delays.

Rule 20 of the Federal Rules of Civil Procedure provides:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action ...

(b) Separate Trials. The court ... may order separate trials or make other orders to prevent delay or prejudice.

Here, the only connection between plaintiff Jones' cause of action and plaintiff Anderson's cause of action is that both plaintiffs are Seventh Day Adventists and recovery is sought under the same legal theory against defendants Department of Corrections and King, Phelps, Jennings, Martin, Davoli, Rivers, Jones, Holmes Gallagher, Fanguy, and Whitley.

Plaintiff Anderson's cause of action arose at the Louisiana Correctional Institute for Women, and plaintiff Jones' claim arose at Hunt Correctional Center, two geographically isolated locations. Witnesses and matters of proof will differ as to the two claims. These are two entirely separate civil actions having no connection factually with each other.

The plain language of Rule 20 requires that the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and that there be common questions of law or fact. Here, it cannot be said that the claims are from one transaction or occurrence or series of transactions or occurrences due to the differences outlined above. Accordingly, the motion to sever is hereby GRANTED and these matters will proceed as two separate actions. The Clerk of Court is directed to assign a separate civil number to the Jones action and to allot it according to the regular practice for allotment of newly filed civil actions.