Tiny Tim GILBERT,
Plaintiff–Appellant,

v.

Ralph FRAZIER, Larry W. Mizell,
Melvin L. Bradford, David M.
Baker, Defendants–Appellees.

No. 89–1180.

United States Court of Appeals,
Seventh Circuit.

Submitted April 27, 1990.

Decided May 16, 1991.

Rehearing Denied July 18, 1991.

T. Tim Gilbert, pro se.

Karen S. Rosenwinkel, Asst. Atty. Gen., Tanya Solov, Crim. Appeals Div., Chicago, Ill., for defendants-appellees.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

POSNER, Circuit Judge.

This is an appeal by a state prisoner in a civil rights case. All but one issue we decide in an unpublished order released today. The issue we think worthy of decision by a published opinion is whether the regulations of the Illinois prison system governing minor disciplinary infractions (punishable by confinement in segregation for no more than seven days) confer a right classifiable as a form of "liberty" within the meaning of the due process clause of the Fourteenth Amendment. If so, the deprivation of this right is permissible only if the prisoner has received procedural safeguards designed to ensure (so far as is possible and reasonable) that he is not deprived of the right through error.

The regulations in question, 20 Ill.Admin. Code §§ 504.10 to 504.150, specify a list of offenses including "intimidation" and "insolence," and grade punishment by the severity of the offense in the particular case. Before a prisoner may be punished, the authorities must make a finding that he is guilty of one of the offenses listed in the regulations.

 A statute, regulation, or other legislative-type enactment that establishes a definite standard to guide the decision whether to (further) restrain a prisoner's freedom of action, rather than confiding the decision to the discretion of the administering authorities, is deemed to create a constitutionally enforceable entitlement to be free from that restraint unless the standard is applied to the prisoner in accordance with procedures that satisfy the requirements of due process of law. *Hewitt v. Helms*, 459 U.S. 460, 469–72, 103 S.Ct. 864, 870–72, 74 L.Ed.2d 675 (1983). That is what Illinois has done here. It has established a definite, unqualified, nondiscretionary standard for determining when its prison officials may as a disciplinary measure take away a prisoner's right to the relatively greater liberty of ordinary confinement, compared to the approximation to solitary confinement that is segregation. *Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 462–63, 109 S.Ct. 1904, 1909–10, 104 L.Ed.2d 506 (1989). The case is unlike *Russ v. Young*, 895 F.2d 1149, 1153–54 (7th Cir.1990), where the decision whether to place a prisoner in temporary lock-up was confided to the subjective judgment of the prison officials, regardless of whether objective criteria had been met. Gilbert could not be placed in disciplinary confinement without a finding that he had violated a definite standard.

 Since the incremental deprivation of liberty here is slight (no more than seven days in segregation—and the "liberty" taken away for that period is, at best, the run of the prison), the procedural protections required by due process are correspondingly slight. But they include a right to a hearing (albeit not an elaborate one) *before* the punishment is imposed, *Wolff v. McDonnell*, 418 U.S. 539, 563–72, 94 S.Ct. 2963, 2978–82, 41 L.Ed.2d 935 (1974); *Abdul–Wadood v. Duckworth*, 860 F.2d 280, 284 (7th Cir.1988); *McCollum v. Miller*, 695 F.2d 1044 (7th Cir.1982), and here the hearing came afterward.

 It is possible that the plaintiff's confinement in segregation before the hearing was administrative rather than disciplinary, pursuant to 20 Ill.Admin.Code § 540.40, which sensibly permits a prisoner to be segregated from his fellows temporarily when his safety or that of other prisoners or the guards so requires. In that event, even if those regulations, too, were thought to create an interest protectable by the due process clause (a question we need not decide), a predeprivation hearing was not required; a postdeprivation hearing, which the plaintiff did receive, would suffice, *Hewitt v. Helms, supra*, 459 U.S. at 476–77 and n. 8, 103 S.Ct. at 873–74 and n. 8, by analogy to other classes of case in which a postdeprivation hearing is held to be constitutionally sufficient if a predeprivation hearing is infeasible. But the defendants do not make this argument and it is therefore waived. *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir.1990); see also *Thomas v. Indiana*, 910 F.2d 1413, 1415 (7th Cir.1990).

The plaintiff's other claims, as explained in the unpublished order, have no merit. But there was a violation of due process, and the case must be returned to the district court for further proceedings consistent with this determination.

AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH DIRECTIONS.