Lonnie BENFORD, A–80582, Plaintiff,

v.

Robert WRIGHT, Ronald Fleming, V. Covin Russell, Michael O'Leary, Daniel Scott, Frank Mussatto, Jack Rivera, Adriane Barber, Nancy Ferguson, William H. Scoffield, Officer Carr, Defendants.

No. 89 C 5240.

United States District Court, N.D. Illinois, E.D.

Dec. 20, 1991.

Lonnie Benford, pro se.

Gregory Thomas Patrick Condon, Roland W. Burris, Illinois Atty. General's Office, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is motion of Robert Wright, Ronald Fleming, V. Covin Russell, Michael O'Leary, Daniel Scott, Frank Mussatto, Jack Rivera, Adriane Barber, Nancy Ferguson, William H. Scoffield, Officer Carr[1] ("defendants") for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the reasons that follow, the motion is granted.

---

1. Defendant "Officer Carr" has not been served and is thus not properly a party in these pro-

## FACTS

Plaintiff, Lonnie Benford, is an inmate at the Stateville Correctional facility in Joliet, Illinois. Plaintiff is of the Islamic faith. April 1989, was the holy time of the year for Islam—Ramadan. During this time, no food may be consumed during the daylight hours. Funk & Wagnals New Standard Dictionary 2046 (1949). It is the ninth month of the Islamic year and lasts for thirty days. Webster's Ninth New Collegiate Dictionary 770, 973 (1986). In an attempt to accommodate those of Islamic faith, the authorities at Stateville allow muslims to eat in the dining room "twice a day, 4:30 a.m. & [sic] app[roximately] 7:30 p.m." and to engage in communal prayer. Complaint, at 3.

On April 13, 1989, as plaintiff proceeded toward the dining hall for the late evening meal, he asserts he realized he had a bag he had intended to leave in his cell. He saw inmate Bowman and apparently asked him to return the bag to plaintiff's cell. The prison guards saw the transfer, became suspicious, and accordingly inspected the bag. Upon finding no contraband, they asked plaintiff for an explanation. The guards required plaintiff to return his bag, personally, to his cell immediately.

After dropping off his bag, plaintiff once again proceeded, at a pace not disclosed, toward the dining hall. Now late for dinner, the plaintiff was initially refused entrance by the guards. Plaintiff then loudly protested the denial of entry. The guards summoned their supervisor who allowed plaintiff to eat and perform his evening prayer ritual. After returning to his cell, he was informed that he was being cited for violations of certain prison regulations (D.R. 504:206, 304, 403, 404). Plaintiff was apparently provided a copy of this report.

Plaintiff was brought before an Adjustment Committee for the April 13 violations on April 18. After an evidentiary hearing, he was found guilty only of violating D.R. 403 and 404 and sentenced to 15 days of segregation, beginning immediately (during

---

ceedings.

Ramadan). Also at this hearing, plaintiff was given a copy of another report specifying other violations on the same day. Plaintiff indicated he had never seen this report. As a result, the committee adjourned without hearing evidence on this report in order for plaintiff to review the charges.

The committee reconvened on May 12. After a full hearing, plaintiff was found guilty of certain violations and sentenced to 60 days in segregation. Now plaintiff has filed a complaint under 42 U.S.C. § 1983 alleging several deprivations of his rights. Defendants have moved for summary judgment.

## DISCUSSION

■ Rule 56(c) of the Federal Rules of Civil Procedure provides that a summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c); *see also Hayes v. Otis Elevator Co.*, 946 F.2d 1272, 1277 (7th Cir. 1991). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence which supports his complaint. *Id.; Beard v. Whitley County REMC*, 840 F.2d 405, 410 (7th Cir.1988). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–4, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

■ Inmates must be given a reasonable opportunity to practice the religion of their choice. *Siddiqi v. Leak*, 880 F.2d 904, 909 (7th Cir.1989). However, that right is limited to the extent that it does not interfere with the legitimate penological goals of the institution. *Al–Alamin v. Gramley*, 926 F.2d 680, 686 (7th Cir.1991); *see also O'Lone v. Estate of Shabazz*, 482 U.S. 342, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987). The state need not demonstrate that there is no reasonable alternative to impinging upon the person's religious freedom in order to restrict that freedom, so long as legitimate penological goals are the motivation. *Williams v. Lane*, 851 F.2d 867, 877 (7th Cir.1988) (citing *O'Lone*, 482 U.S. at 350, 107 S.Ct. at 2405); *see also, Caldwell v. Miller*, 790 F.2d 589 (7th Cir.1986).

■ In this case, plaintiff was denied the right to engage in the communal practice of his religion for a period of fifteen days while in segregation for violation of prison rules. Placing plaintiff in segregation for violation of prison rules after a full hearing is not a practice which plaintiff questions. Rather, he questions the timing of the segregation which occurred during Ramadan. If prisoners were not required to follow some organized set of rules, anarchy would result. In order to enforce those rules, prison officials must be allowed to mete out punishments for rule infractions and to do so shortly after the violation and not necessarily wait until periods of religious significance have passed. Although imposed during a religious holiday, the prompt punishment was not an unconstitutional impingement on the religious freedoms of plaintiff and advanced reasonable penological goals. Therefore, as a matter of law, plaintiff has not suffered an unconstitutional deprivation of his rights in this case.

■ Plaintiff then shifts his focus to the hearings he received. He complains that he was deprived of his due process rights in the hearings on his rule infractions. Illinois prison regulations for minor disciplinary infractions (seven or less days of segregation) create a liberty interest under the due process clause of the Four-

teenth Amendment. *Gilbert v. Frazier,* 931 F.2d 1581 (7th Cir.1991). So long as there is some reliable procedure implemented in which the evidence presented may be challenged by the inmate, that is generally sufficient. *Castaneda v. Henman,* 914 F.2d 981, 984–86 (7th Cir.1990) (assuming liberty interest, inmate had procedure in place to challenge report), *cert. denied,* —— U.S. ——, 111 S.Ct. 1085, 112 L.Ed.2d 1190 (1991).

In this case, plaintiff's claims lack sound legal basis even if it is assumed that these prison procedures rise to the level of Fourteenth Amendment protectable liberty interests. Plaintiff admits he received· a hearing on both sets of charges. He does not contend he was not allowed to challenge the evidence or that the hearing was a sham or a mockery. He received his hearing, which from all indications was fair, and was found guilty of several but not all charges. That is all the law demands.

■ Nor was the committee patently in error for deciding that plaintiff was guilty. If that were the case, the hearing would not meet due process requirements. *Viens v. Daniels,* 871 F.2d 1328, 1334 (7th Cir. 1989) (some evidence at hearing of violation is sufficient for due process purposes to impose penalty) (citing *Superintendent, Mass. Correctional Inst., Walpole v. Hill,* 472 U.S. 445, 455–56, 105 S.Ct. 2768, 2773–75, 86 L.Ed.2d 356 (1985)). Rather, the report was authored by prison guards and at least one guard testified at each hearing, explaining the charges. Plaintiff was given a fair opportunity to counter these charges. The committee's decision of guilt was not without basis. Thus, summary judgment is proper on these claims as well.

■ Plaintiff next alleges he was subjected to an Eighth Amendment violation by being required to spend a period of time in a "strip cell[ ] where there is no running water, no operable toilet, no window, no sheets, and no mattress for an all steel bunk." Plaintiff's Response, at 6. Although challenges to conditions at a prison deserve careful review, the court should not attempt to micromanage prisons. *Bruscino v. Carlson,* 854 F.2d 162, 164–65 (7th Cir.1988). The duration of the conditions under which the inmate suffers is a legitimate concern and may enhance or minimize the actual severity of the condition. *Cf. Duran v. Elrod,* 760 F.2d 756, 760 (7th Cir.1985) (refusal to allow modification of consent decree for a short period of time was error).

Plaintiff was admittedly in this strip cell for a very short time, less than a few hours. Plaintiff's Response, at 6. Even if this court were to assume that the conditions were as plaintiff depicts them, being required to stand or sit on the floor of a small unaccommodating room for such a short period does not state a constitutional claim.[2] *See Caldwell,* 790 F.2d at 601 (lockdown of several months upheld and also stating that prisons need not be comfortable).

■ The remaining claims may be dealt with in short order. To allow liability to pass to prison supervisors for conduct of their employees under 42 U.S.C. § 1983, plaintiff must allege the personal knowledge or involvement of those superiors; negligence in detection of misconduct will not suffice. *Jones v. City of Chicago,* 856 F.2d 985, 992 (7th Cir.1988); *Hamilton v. Scott,* 762 F.Supp. 794, 803–04 (N.D.Ill. 1991). This, plaintiff has failed to do and thus, those named as supervisors cannot be liable. Additionally, *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), held that § 1983 does not allow the imposition of liability on a state official because the suit is, in effect, against the state, which is not a "person" (and thus not a suable entity) under § 1983. *Id.* at 72–73, 109 S.Ct. at 2312. As plaintiff has attempted to do just that, these claims must be barred.

---

**2.** Plaintiff also attempts to assert claims for other inmates who were subjected to the same strip cell treatment and presents their affidavits. However, he has no standing to assert these claims although the court recognizes the affidavits for the proposition that the cell has been used in the past.

## CONCLUSION

In sum, the court grants defendants' motion for summary judgment on all counts pursuant to Federal Rule of Civil Procedure 56(c) for the reasons set forth previously.

IT IS SO ORDERED.