**Otho Lee HARRIS and Dougless Faust, Plaintiffs,**

v.

**Robert SPELLMAN, et al., Defendants.**

**No. 93 C 2641.**

United States District Court,
N.D. Illinois, E.D.

Aug. 10, 1993.

Otho Lee Harris, pro se.

## MEMORANDUM OPINION
## AND ORDER

SHADUR, Senior District Judge.

Otho Lee Harris ("Harris") and Dougless [sic] Faust ("Faust")[1] have tendered a self-prepared Complaint under 42 U.S.C. § 1983 ("Section 1983"), each alleging that Sheridan Correctional Center ("Sheridan") officials punished him without due process of law:

1. On April 13, 1983 a correctional officer ticketed Harris for theft, unauthorized movement and making threats. Two days later a Sheridan Adjustment Committee found Harris guilty of the charges and punished him with a one-month loss of commissary privileges.

2. Faust was cited on March 23, 1993 for fighting with another inmate. Another (and different) Sheridan Adjustment Committee found Faust guilty after a March 25, 1993 hearing, imposing a two-week loss of commissary privileges and seven days in segregation.

Because the claims of Harris and Faust are both legally and factually unrelated, this Court finds that the two inmates are misjoined as plaintiffs in this action.

Fed.R.Civ.P. ("Rule") 20(a) provides in relevant part:

(a) Permissive Joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

That Rule plainly dictates two independent prerequisites for permissive joinder: a right to relief arising from a single occurrence or series of occurrences *and* a common question of law or fact. Faust and Harris satisfy neither requirement, let alone both.

 By no stretch can Harris and Faust contend that their claims stem from "the

---

1. "Dougless" is the way that Harris spells his co-plaintiff's first name throughout the Complaint. Although Harris' later filings reflect the conven- tional (and more likely correct) spelling "Douglas," this opinion must adhere to the usage in the Complaint.

same transaction or occurrence." They were punished in separate hearings for entirely different incidents of purported misconduct. Nor can they make a rational argument that their punishments resulted from "a series of transactions or occurrences." To be sure, each contests the constitutional adequacy of his disciplinary hearing. But the hearings were conducted by different people at different times to consider different charges. Allegedly similar procedural errors do not convert independent disciplinary hearings into the same "series" of transactions or occurrences in Rule 20(a) terms (see *Papagiannis v. Pontikis*, 108 F.R.D. 177, 179 (N.D.Ill. 1985) (identity of scheme to defraud used in separate transactions not enough to permit joinder of plaintiffs); cf. *Ross v. Meagan*, 638 F.2d 646, 650 n. 5 (3d Cir.1981) (per curiam) ("[a] coincidental similarity in the underlying facts will not permit [plaintiffs] to proceed jointly")). Rule 20(a) seeks to promote judicial economies, a goal that is not served where (as here) the incidents underlying the claims are wholly separate, so as to require entirely different proof.

█ Not only do the claims of Harris and Faust involve different occurrences, they also raise different issues of law. As stated at the outset, Harris and Faust allege violations of their respective rights to procedural due process. Whether any level of process is "due" to a plaintiff depends on the existence of a protected interest as created either by the Due Process Clause itself or by state law (*Hewitt v. Helms*, 459 U.S. 460, 466, 103 S.Ct. 864, 868–69, 74 L.Ed.2d 675 (1983)). And even if such a protected substantive interest is present, the determination of what process is due is in part a function of the severity of the loss to the plaintiff (*Washington v. Harper*, 494 U.S. 210, 220, 110 S.Ct. 1028, 1035–36, 108 L.Ed.2d 178 (1990)).

█ In this instance Faust and Harris did not receive the same punishment, so that they have different liberty interests at stake. Faust was placed in disciplinary segregation for his offense, while Harris suffered only a loss of commissary privileges. State regulations authorizing segregation for disciplinary infractions do give rise to a protected liberty interest (*Gilbert v. Frazier*, 931 F.2d 1581, 1582 (7th Cir.1991)), while nothing has suggested that state law creates an entitlement interest or protected right to commissary privileges (*Stewart v. McGinnis*, 800 F.Supp. 604, 619–20 (N.D.Ill.1992)). Although the additional adverse consequences that Harris points to might arguably entitle him to some degree of due process (cf. *Ramirez v. Turner*, 991 F.2d 351, 354 (7th Cir.1993)), that question need not concern this Court here. What controls instead is that Harris' claim raises legal issues that are distinctly different from those raised by Faust. Because the claims are not logically related in any way, this Court concludes that plaintiffs are misjoined.[2]

Rule 21 authorizes the court to drop misjoined parties from a lawsuit on its own initiative "on such terms as are just." In *Papagiannis* this Court allowed the misjoined plaintiffs to decide which one could proceed with the case. No such procedure is required here. This District Court's General Rule ("GR") 2.21(D)(1)(b) effectively requires that an inmate's Section 1983 complaints challenging terms or conditions of confinement must be assigned to a single judge. Harris (who describes himself as a paralegal) has filed a number of conditions-of-confinement cases, the most recent of which were assigned to this Court's colleague Honorable Harry Leinenweber. Indeed, Harris states

---

**2.** This finding of misjoinder also dooms plaintiffs' request to proceed with their lawsuit as a class action. Among other things, every class action requires an identity of questions of law or fact common to the class plus a finding that the claims of the representative parties are typical of the claim of the class. Because Harris and Faust themselves raise disparate claims, they clearly do not qualify for class certification. Furthermore, laymen such as plaintiffs—who do have an absolute right to represent themselves individually— are not entitled to practice law by representing others. That absolute prohibition reflects in part

the societal judgment that nonlawyers do not ordinarily possess the legal training and expertise necessary to protect class interests (see *Phillips v. Tobin*, 548 F.2d 408, 413–14 (2d Cir.1976); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975)). Over and above that, the potential for conflicts of interest militates against certifying a class in which the class representative (even though a lawyer) also seeks to act as class counsel (*Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 & n. 5 (7th Cir.1977) and cases cited there; *Wagner v. Taylor*, 836 F.2d 578, 595–96 (D.C.Cir.1987)).

in a motion that he recently lodged with this Court that he has a later-filed related case (No. 93 C 3953) pending before Judge Leinenweber (Harris' motion seeks consolidation of the two cases). That case and GR 2.21(D)(1)(b) dictate that Harris rather than Faust be dismissed from this action.

Accordingly, this Court grants Faust's motion for leave to file in forma pauperis. But this Court denies Harris' like motion, instead dismissing him as a plaintiff here without prejudice to his right to pursue his claim either in a separate action or by seeking leave to amend his complaint before Judge Leinenweber in Harris' later-filed Case No. 93 C 3953. Harris' motion to consolidate the two cases is therefore denied as moot.

Finally, because defendants Blanton and Vanjoske are not alleged to have played any role in Faust's punishment, they too are dismissed from this action pursuant to 28 U.S.C. § 1915(d) (see *House v. Belford,* 956 F.2d 711, 719 (7th Cir.1992)). Hence the Clerk of Court shall issue summons for service of the Complaint together with this opinion only on the remaining defendants.[3]

See also 821 F.Supp. 533, 145 F.R.D. 485, 143 F.R.D. 181, 786 F.Supp. 1385.

---

**3.** Despite Harris' dismissal from this action, to minimize the prospect of possible misfiling of the papers in this case all further filings should continue to employ the same "Harris v. Spellman" caption.