**Jacqueline and Curtis RANDLEEL, et al., Plaintiffs,**

v.

**PIZZA HUT OF AMERICA, INC., Defendant.**

No. 97 C 5400.

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 13, 1998.

---

Fay Clayton, Jennifer I. Chu, Melissa Ellen Lamfalusi, Robinson, Curley & Clayton, P.C., Chicago, IL, Karen J. Aroesty, Aroesty Law Firm, L.C., St. Louis, MO, Patricia E. Bender, Attorney at Law, Chicago, IL, for the plaintiffs.

James David Fiffer, John F. Kuenstler, Wildman, Harrold, Allen & Dixon, Chicago, IL, James Montgomery, Thomas Charles Marszewski, Randall W. Schwartz, James D. Montgomery & Associates, Ltd., Chicago, IL, for the defendant.

### ORDER

ROSEMOND, United States Magistrate Judge.

Before the Court is *"Defendant's Motion To Sever Claims"*. **The motion is granted.**

Two groups of plaintiffs—the Chicago plaintiffs and the St. Louis plaintiffs—have asserted a single claim against Pizza Hut for public accommodation discrimination on account of race. The two groups comprise forty-one individuals of various ages. They are misjoined as plaintiffs.

**The two plaintiff groups do not satisfy the prerequisites for permissive joinder.** Rule 20(a) of the Federal Rules of Civil Procedure reads in pertinent part as follows:

**Rule 20. Permissive Joinder of Parties.**

(a) *Permissive Joinder.* All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

The Rule dictates two independent prerequisites for permissive joinder, *to-wit:* *"a right to relief arising from a single occurrence or series of occurrences and a common question of law or fact."* [1] Both of these requirements must be satisfied.[2]

By no stretch can the Chicago plaintiffs or the St. Louis plaintiffs contend that their claims stem from "the same transaction or occurrence." The two groups and their claims are separate and distinct. The claims of each group of plaintiffs necessarily involves separate questions of fact.

The Chicago plaintiffs claim that it was discriminatory to deny them pan pizzas after the dining room closed at a Pizza Hut restaurant located in suburban Chicago. The St. Louis plaintiffs charge that it was discriminatory to deny them service because they failed to make advance reservations at a Pizza Hut restaurant located in metropolitan St. Louis. These are factually discrete and unrelated incidents, which occurred two months apart at restaurants in different states, and which involved different management teams and workers.

**Plaintiffs can make no rational argument that their claims resulted from "a series of transactions or occurrences."** To be sure, as noted earlier, each group of plaintiffs asserts a claim against Pizza Hut for public accommodation discrimination on account of race. However, it is only in an ultimate and abstract sense that the allegations of the complaint share anything in common, *to-wit:* all deal with purported racial discrimination in public accommodation and the same defendant is involved.[3] On the immediate and practical level, which must govern the application of Rule 20, the factual scenarios underlying each incident are different, the times are different, and the people involved are different.[4] As put by the senior sage of the Court, The Honorable Milton I. Shadur, when confronted with a similar factual scenario:

To be sure, each [inmate plaintiff] contests the constitutional adequacy of his disciplinary hearing. But **the hearings were con-**

---

**1.** *Harris v. Spellman,* 150 F.R.D. 130, 131 (N.D.Ill.1993) (emphasis added).

**2.** *Grayson v. K–Mart Corporation,* 849 F.Supp. 785, 787 (N.D.Ga.1994).

**3.** *Smith v. North American Rockwell Corporation Tulsa Division,* 50 F.R.D. 515, 523 (N.D.Okla. 1970).

**4.**

*ducted by different people at different times to consider different charges.*[5]

It must be remembered that the plaintiffs *do not* allege a common discriminatory policy or practice of Pizza Hut which resulted in the alleged denial of service two months apart in Midlothian, Illinois and St. Louis, Missouri. Instead, this case involves actions taken by *different* restaurant managers, under *different* circumstances, for *different* reasons. There simply is no claim that Pizza Hut repeatedly discriminated against African–Americans by pretending that restaurants had run out of pan pizza dough or by asserting that they closed the dining room because they were understaffed. Nor is there any claim that Pizza Hut discriminated against African–Americans by requiring that large parties make reservations. Thus, the two cases can not be kept together on the ground that a common discriminatory policy is involved:

> Here, the only connection between [Chicago] plaintiff[s']. . . . cause of action and [St. Louis] plaintiff[s'] . . . cause of action is that both [groups of] plaintiff[s] are [African–Americans] and recovery is sought under the same legal theory [*i.e.,* race discrimination] against defendant[] [Pizza Hut].[6]

As noted earlier, the instant causes of action arose at two geographically isolated locations. Perforce, witnesses and matters of proof will differ as to the two claims:

> Who would be witnesses? What evidence would be heard? What would be the order of proof? [7]

For all intent and purposes, there would inescapably be two trials confusingly squeezed into one. No St. Louis manager or employee has any probative evidence to offer with respect to the June 1st, 1996 Midlothian incident, and *vice versa.* No Chicago plaintiff has any probative evidence to proffer with respect to the March 30, 1996 St. Louis incident, and *vice versa.* The factual and legal questions between the Chicago plaintiffs and the defendant are based wholly upon the separate acts of the defendant with respect to them. The same is true for the St. Louis plaintiffs. There simply is no interrelated series of events or transactions producing the two claims at issue:

> For example, assume 4 automobiles, A, B, C, and D. A and B collide, causing B to strike C, which in turn strikes D, parked at a curb. Here is a series of events which will produce multiple claims. However, all possible claims will have stemmed from a common transaction or event, namely the collision of A and B. Further, assume A was at fault in the example; and further assume that 10 minutes earlier on the same highway, A negligently caused a collision involving E. Could it fairly be said that the claims of B, C and D have any common question of law or fact with E's claim against A? The[y] are [a] separate series of events or transactions.[8]

The above-quoted illustration reflects the posture of the instant litigation. Accordingly, there is but one perspective, the two plaintiff groups are simply two entirely separate civil rights actions having no connection factually with each other whatsoever.[9]

*No rational basis for joinder exists.* As discussed more fully above, the fact that in March of 1996 and June of 1996, two unrelated groups of African–Americans appeared at two separately managed Pizza Hut restaurants, in different states, 300 miles apart and had difficulty receiving service is not a common series of transactions. The alleged civil rights violations of the Chicago plaintiffs and the St. Louis plaintiffs are indeed similar, *to-wit:* both groups charge racial discrimination with respect to public accommodation in a restaurant setting, but their claims are not generated from a common source or single

**5.** *Harris,* 150 F.R.D., at 132 (emphasis added); and, *Demboski v. CSX Transportation, Inc.,* 157 F.R.D. 28, 29, 30 (S.D.Miss.1994).

**6.** *Anderson v. Phelps,* 655 F.Supp. 560, 564 (M.D.La.1985).

**7.** *Smith,* 50 F.R.D., at 523.

**8.** *Sun–X Glass Tinting of Mid–Wisconsin, Inc. v. Sun–X International, Inc.,* 227 F.Supp. 365, 374 and 375 (W.D.Wis.1964). *Accord, Demboski v. CSX Transportation, Inc.,* 157 F.R.D. 28, 30 (S.D.Miss.1994).

**9.** *Anderson,* 655 F.Supp., at 564.

event. To the contrary, each group's claims involves its own peculiar circumstances. Each cause of action has its own factual foundation.

Contrary to plaintiffs' contentions, the fact that the plaintiffs have asserted claims under identical federal statutory provisions does not mean that there are common issues of fact and law. Alleging the same general theories of law against a defendant is not sufficient to satisfy the "common question of law or fact" requirement of Rule 20.[10] The fact that the plaintiffs have questions that may relate to both occurrences does not mean that the issues in controversy, whether factual or legal, are the same:

> It is, of course, true that plaintiffs have alleged against defendant claims based upon the same general theories of law, but this is not sufficient. Whether a defendant unlawfully discriminated against one plaintiff with respect to promotion or job assignment in a given department is not common with the question whether defendant unlawfully discriminated against another plaintiff in a separate department. The second act constitutes separate, albeit similar, conduct. \*\*\* It is thus clear that the various Complaints are independent.[11]

As in *Smith,* quoted above, the two complaints herein are independent, and the issues of fact quite different.

***Even assuming for the sake of argument only that joinder is appropriate, severance would be appropriate pursuant to Federal Rule 21 to avoid undue prejudice to Pizza Hut.*** Rule 21 of the Federal Rules of Civil Procedure reads as follows:

**Rule 21. Misjoinder and Non-Joinder of Parties.**

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Rule 21 authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering severance. This authority necessarily includes severance in order to avoid undue prejudice to defendants.

As noted previously, plaintiffs do not allege that they were the victims of a common policy or practice of race discrimination. Perforce, the Chicago plaintiffs and the St. Louis plaintiffs must, therefore, make individualized showings of proof that they were the victims of unlawful discrimination.

***Separate trials will avoid prejudice against Pizza Hut.*** Evidence concerning alleged discrimination in one restaurant could bias the jury against Pizza Hut with respect to the other alleged incident.[12] Indeed, there is a great danger that the jury will find Pizza Hut liable based on the sheer number of witnesses testifying about its purported wrongdoing. Fairness dictates that confusion be avoided.

Severance in no way prejudices the plaintiffs. Even if the two actions were joined, the order of proof at trial would be as if there were two separate cases. Severance eliminates prejudice, avoids massive confusion, and is the more efficient and orderly approach.

***Accordingly, it is adjudged, decreed, and ordered:***

1. *"Defendant's Motion To Sever Claims"* is hereby granted.

2. Severance is granted pursuant to Rules 20 and 21 of the Federal Rules of Civil Procedure.

**10.** *Grayson,* 849 F.Supp., at 789; *Sun–X Glass Tinting of Mid–Wisconsin, Inc. v. Sun–X International, Inc.,* 227 F.Supp. 365, 374 (W.D.Wis. 1964) (" *'Whether the same general principles of law are applicable is no part of the prescribed test.* ' "); and, *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 449 (N.D.Ca.1975) (*"While it is true that Bally and Davis raise claims based on the same general theory of law as plaintiffs'* claims, this is not a sufficient ground to find that their claims raise legal or factual questions common to plaintiffs' claims."*).

**11.** *Smith v. North American Rockwell Corporation Tulsa Division,* 50 F.R.D., at 524.

**12.** *See, Grayson,* 849 F.Supp., at 790; and, *Henderson,* 918 F.Supp., at 1062.

3. Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the parties are given 10 days after being served with a copy of the Order to file exceptions thereto with The Honorable Blanche M. Manning. Failure to file objections within the specified time period waives the right to appeal the Magistrate Judge's Order.[13]

*So Ordered.*

13.  *Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538 (7th Cir.1986). *See also, Provident Bank v. Manor Steel Corporation,* 882 F.2d 258, 261 (7th Cir.1989) (when a matter has been referred to a Magistrate Judge, acting as a special master or § 636(b)(2) jurist, a party waives his right to appeal if he has not preserved the issues for appeal by first presenting them to the District Judge as objections to the Magistrate Judge's Order).

