Betsy CUNNINGHAM, et al.,

v.

Kimberly Amprey FLOWERS, Interim
Director, Department of Recreation
and Parks, in her official capacity.

No. CIV. JFM–03–1058.

United States District Court,
D. Maryland.

Nov. 14, 2003.

Rajeev Kumar Goyle, Susan Goering, American Civil Liberties Union Foundation of Maryland, Baltimore, MD, Carmen Mercedes Shepard, Buc and Beardsley, Washington, DC, for Plaintiffs.

William R. Phelan, Jr., Baltimore City Law Department, Baltimore, MD, for Defendant.

## MEMORANDUM

MOTZ, District Judge.

Plaintiffs, members of Women in Black–Baltimore, brought this action against Kimberly Amprey Flowers, Director of Recreation and Parks, in her official capacity to challenge the constitutionality of Baltimore City regulations requiring permits for any person or group of persons planning to demonstrate in any city park. Plaintiffs now seek leave to file an amended complaint to add Gerard "Jerry" Rowan ["Rowan"] as a plaintiff and the City of Baltimore as a defendant. For the foregoing reasons, plaintiffs' motion will be denied in part and granted in part.

I.

Plaintiffs are members of the Baltimore contingent of Women in Black, an international, multi-faith, multi-cultural and multi-ethnic network of women that holds silent vigils to protest war and promote peaceful, non-violent solutions. Since December 2001, plaintiffs have held fourteen vigils on public sidewalks in the Inner Harbor, and six vigils elsewhere on public property in Baltimore City. In compliance with city regulations, plaintiffs applied for a permit and paid the required permit fee for their first vigil in December 2001. The Department of Parks and Recreation waived the permit fee for subsequent vigils until October 2002, when plaintiffs were informed that the fee would no longer be waived. Despite their lack of a permit, plaintiffs continued to hold vigils in Baltimore through March 2003 without incident.

On April 4, 2003, however, plaintiffs were approached by police officers as they gathered in McKeldin Square. The officers told plaintiffs that they could not hold their vigil because they had not obtained a permit from the city. After initial resistance, plaintiffs eventually complied with the officers' requests that they disperse. Plaintiffs allege that the city regulations which require them to apply for and pay for a permit are uncon-

stitutional restrictions on their First Amendment rights.

Plaintiffs now seek to add Rowan as a plaintiff and the City of Baltimore as a defendant. Rowan is a street performance artist who has performed in the Inner Harbor since 1981. City regulations require membership in the Street Performers Program as a prerequisite to performing in the Inner Harbor. Rowan was permanently removed from the Street Performers Program by Harborplace personnel in October 2002 based on allegations by Baltimore City police officers and a Harborplace manager that Rowan made inappropriate comments during a performance, in violation of program guidelines. Rowan claims that the program guidelines and enforcement thereof deprived him of his First Amendment rights and his livelihood.

## II.

The Supreme Court has held that courts must heed the "mandate" of Federal Rules of Civil Procedure 15(a) in granting leave to amend "freely...when justice so requires." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). However, this policy of liberal amendment is not without its limits. It is "implicit in Rule 15 that a plaintiff may amend his complaint only to add matters that would have been proper to include in the original complaint." *Martinez v. Safeway Stores, Inc.,* 66 F.R.D. 446, 448 (N.D.Cal.1975).

Thus, when a court is faced with a motion to amend that seeks to join additional plaintiffs, the court must consider not only the liberal amendment provisions of Rule 15(a), but also the "more specific joinder provisions of Rule 20(a)." *Hinson v. Norwest Financial South Carolina, Inc.,* 239 F.3d 611, 618 (4th Cir.2001). Accordingly, the proposed additional plaintiffs must have claims "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common to" all of the plaintiffs. Fed. R.Civ.P. 20(a). Both elements must be satisfied in order to comply with Rule 20.

Plaintiffs offer no authority in support of the propriety of adding Rowan as a plaintiff in this case, and argue only that joinder should be permitted due to the "commonality" of the issues involved, and the fact that the City of Baltimore's actions in both contexts are "circumscribed by the First Amendment." The mere fact that plaintiffs and Rowan have asserted claims under an identical constitutional provision does not mean that there are common issues of fact and law. *See Randleel v. Pizza Hut of America, Inc.,* 182 F.R.D. 542, 545 (N.D.Ill. 1998). Moreover, even if plaintiffs can prove that common questions exist in this case, such "commonality" is not dispositive. Plaintiffs must first demonstrate that the new plaintiff's claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed.R.Civ.P. 20(a).[1]

Plaintiffs have not demonstrated that Rowan's claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as those of plaintiffs, and in fact, they cannot do so. First of all, the claims involve challenges to different regulations. Rowan's claims concern the Harborplace Street Performers Program and his removal therefrom, while plaintiffs' claims concern the city's permit requirements for demonstrations.

Secondly, the incidents giving rise to the claims occurred six months apart, and involved different parties. Rowan was removed from the Street Performers Program in October 2002, but plaintiffs' demonstrations were not halted until April 2003. Rowan was terminated from the Street Performers Program pursuant to a letter from Adair Fogarty, director of marketing for Harborplace, based on the observations of unidentified city police officers and an unnamed Harborplace manager. Plaintiffs were asked to halt their demonstration by several city police officers including Officer Wehner.

Joinder is not appropriate where, as here, the claims of Rowan and of plaintiffs involve their own "peculiar circumstances." *Rand-*

---

**1.** If Rowan chooses to file a separate suit of his own and if plaintiffs believe that it would be convenient to have any issues common to this

action and Rowan's suit simultaneously briefed and argued, they may move to have the two actions coordinated for that limited purpose.

*leel,* 182 F.R.D. at 545. At trial, "each plaintiff's situation would have to be considered in detail...[and] the determination of facts and the scope of testimony with respect to one plaintiff would have little relevance to issues raised by another plaintiff." *Martinez,* 66 F.R.D. at 448. Permitting joinder in the case at bar would not only contravene the plain language of Rule 20, it would run afoul of the purpose of that rule, "to promote trial convenience and expedite the final determination of disputes," *Saval v. BL Ltd.,* 710 F.2d 1027, 1031 (4th Cir.1983), because, practically speaking, this court would be presented with "two trials confusingly squeezed into one." *Randleel,* 182 F.R.D. at 544. Accordingly, plaintiffs' motion to add Rowan as a plaintiff will be denied.

### III.

Plaintiffs' motion to add the City of Baltimore as a defendant is unopposed by defendant. Defendant correctly notes that an action against an officer in her official capacity is essentially an action against the "entity of which the officer is an agent." *Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978). Thus, the City of Baltimore is already the "real defendant" in this case, and the addition of the city by name is not a substantive change. Defendant does note, however, that the city is properly referred to as the "Mayor and City Council of Baltimore." BALTIMORE CITY CHARTER, art. I, § 1 (1996). Plaintiffs' motion to add the "Mayor and City Council of Baltimore" as a defendant will be granted.

For these reasons, plaintiffs' motion for leave to amend is granted with regard to the addition of the "Mayor and City Council of Baltimore" as a defendant, and denied with regard to the addition of Rowan as a plaintiff. A separate order to that effect is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 14th day of November 2003

ORDERED

1. Plaintiffs' motion for leave to amend the complaint to add Gerard "Jerry" Rowan as a plaintiff is denied, and

2. Plaintiffs' motion for leave to amend the complaint to add the "Mayor and City Council of Baltimore" as a defendant is granted.

